(No. 19339.—)
THE PEOPLE *ex rel.* Louis H. Gillardon, Petitioner, *vs.* ARTHUR E. FISHER, Judge, *et al.* Respondents.

*Opinion filed June 19, 1929.*

HALL & DUSHER, for petitioner.

HARRY B. NORTH, JEROME F. DIXON, and FRANK P. NORTH, for respondents.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Upon leave granted, an original petition in the name of the People of the State, on the relation of Louis H. Gillardon, against Arthur E. Fisher, judge of the circuit court of Winnebago county, and Clara Gillardon, was filed in this court, praying for the issuance of a writ of *mandamus* commanding Judge Fisher to expunge from the records of that court an order setting aside a decree rendered on a cross-bill finding the title to certain real estate to be in the relator. The respondents demurred to the petition.

On March 24, 1927, Clara Gillardon filed a bill in the circuit court of Winnebago county for the partition of four parcels of real estate, alleging that she and her husband, Louis H. Gillardon, owned them in joint tenancy. Gillardon answered the bill denying his wife's right to partition. The complainant filed exceptions to the answer, which were overruled. Thereafter, pursuant to leave granted, the defendant, Gillardon, on May 23, 1927, filed a cross-bill. Nearly a year later, on April 6, 1928, a rule was entered that the complainant answer the cross-bill not later than the following morning. No such answer was filed, and on April 7, 1928, the last day of the January term of the circuit court, a decree *pro confesso* finding that the cross-complainant held the title to the four parcels of real property and dismissing the original bill was rendered. On May 16, at the next or April term of the same court, Clara Gillardon, the original complainant, filed a motion to vacate the decree and for leave to answer the cross-bill. The motion was supported by two affidavits—one by herself and the other by the solicitor who had represented her in the partition suit. Her affidavit disclosed that she and her husband owned the real estate described in the original and cross-bills; that following the filing of the original bill her husband importuned her not to proceed in the cause and induced her to agree to an amicable settlement; that relying upon the agreement she informed her solicitor in August, 1927, that she no longer desired his services; that her husband, notwithstanding his promises, and without notice to her, obtained a hearing on the bill and cross-bill on April 7, 1928; that her first intimation that there had been such a hearing and that her husband had been granted a decree was derived from the Rockford newspapers on April 8, 1928; that on the next day she retained counsel to present her motion to vacate the decree; and that her husband never intended to settle the case but that his course of conduct was a scheme fraudulently to obtain her prop-

erty. The affidavit further set forth that she could maintain the allegations of her bill, and that if permitted to answer the cross-bill she believed the court, upon a hearing, would render a decree in conformity with the prayer of her bill and dismiss the cross-bill for want of equity. The affidavit of the solicitor who instituted the partition suit set forth that the complainant in August, 1927, notified him that she no longer desired to have him represent her in the suit, and that no notice was ever served upon him that Gillardon would proceed to a hearing upon the bill and cross-bill. Gillardon, pursuant to notice, filed an answer to the motion. He supported his answer by an affidavit which denied all the charges made by his wife. On June 28, 1928, the respondent Arthur E. Fisher, as judge of the circuit court of Winnebago county, after consideration of the motion and the affidavits, entered an order vacating the decree of April 7, 1928, and granting Clara Gillardon leave to answer the cross-bill on or before July 5, 1928. The court also taxed all the costs in the cause at the previous terms against her. Gillardon excepted to this order and prayed an appeal, which was denied. On June 29, 1928, he made a motion to set aside the order of the preceding day, asserting both the want of authority to enter and of a sufficient showing to justify the order. The motion was denied, Gillardon excepted and prayed an appeal, which was also denied.

The principal question presented for determination is whether the circuit court had the power to vacate the decree in the partition suit at the instance of the cross-defendant, Clara Gillardon, at the term next succeeding the term of its rendition. Section 16 of the Chancery act (Cahill's Stat. 1927, p. 220; Smith's Stat. 1927, p. 248;) provides that if the defendant who is summoned, served with a copy of the bill or notified as required in the act, does not except, demur, plead or answer as required by the act, the bill may be taken as confessed. Section 17 of the same act reads: "If the defendant shall appear at the

next term and offer to file his answer to the bill, the court may permit him to do so, upon his showing sufficient cause, and paying the costs of the preceding terms. In such case the decree shall be vacated and the cause may be proceeded in as in other cases." The relator insists that the seventeenth section is available only to a defendant to an original bill, and that it cannot be invoked by a cross-defendant to vacate a decree rendered on a cross-bill.

A cross-bill is not a mere defensive pleading, for when it merely performs that function, and nothing more, it is demurrable. To the extent that it seeks affirmative relief it is in the nature of an original bill. (*Thomas* v. *Thomas,* 250 Ill. 354; *Purdy* v. *Henslee,* 97 id. 389; *Thompson* v. *Shoemaker,* 68 id. 256.) A cross-bill seeking affirmative relief must be germane to the subject matter of the original bill although it is, in fact, a separate and distinct suit, and the matters alleged in the cross-bill must be such as might have been the subject of an original bill. (*Thomas* v. *Thomas, supra; Thompson* v. *Shoemaker, supra;* Story's Eq. Pl.—10th ed.—sec. 389; Puterbaugh's Chancery Pl. & Pr.—6th ed.—p. 370.) Section 30 of the Chancery act provides that any defendant may, after filing his answer, exhibit and file his cross-bill and call upon the complainant to file his answer thereto in such time as may be prescribed by the court. By section 32 the complainant is required to except, plead, demur or answer to such cross-bill in the same manner that a defendant is required to except, plead, demur or answer to an original bill, and his answer shall have the same effect as a defendant's answer to a bill. The party who files an answer to a cross-bill is a defendant thereto although he may be the complainant in the original bill. The reference in sections 30 and 32 of the Chancery act to the complainant against whom a cross-bill is filed as the complainant does not deny that he is a defendant to the cross-bill. Section 32 prescribes that he shall answer the cross-bill in the same manner that a defendant is required

to answer an original bill and that the answers to bill and cross-bill shall have the same effect. To assert that section 17 has application only to the defendant to an original bill and not to a defendant to a cross-bill ignores the substance of the pertinent provisions of the Chancery act and places upon them a construction so narrow and unreasonable as to be wholly unwarranted.

It is urged that the answer of the cross-defendant should have been presented to the court at the time she made the motion to vacate the decree. Section 17 of the Chancery act provides that "if the defendant shall appear at the next term and offer to file his answer to the bill, the court may permit him to do so," but it does not require that the answer shall be filed with the motion. An enlargement of time for the preparation and filing of the answer may be granted. (*Burge* v. *Burge,* 88 Ill. 164.) The cross-defendant asked for an opportunity to file her answer and it was allowed.

The court correctly decided that there was no appeal from the order vacating the decree. The right of appeal is created by statute, and in the absence of statutory authority therefor an interlocutory order entered in the progress of a cause is not appealable and may be reviewed only upon an appeal from the final order, judgment or decree. An order, judgment or decree is final only when it terminates the litigation between the parties on the merits of the case. The order from which the relator sought an appeal determined nothing concerning the merits of the controversy. It was merely interlocutory and no statute authorized an appeal from the order. *Jenkins & Reynolds Co.* v. *Wells,* 220 Ill. 452; *Rosenthal* v. *Board of Education,* 239 id. 29; *People* v. *Village of Niles Center,* 306 id. 145.

The writ of *mandamus* is denied.　　　*Writ denied.*