**THILL SECURITIES CORPORATION,**
etc., Plaintiff-Appellee,

v.

**The NEW YORK STOCK EXCHANGE,**
Defendant-Appellant,

Securities and Exchange Commission and
United States of America, Intervenors-
Appellees.

No. 72–1260.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 11, 1972.

Decided Oct. 31, 1972.

William E. Jackson, Isaac Shapiro, New York City, Robert V. Abendroth, Milwaukee, Wis., for defendant-appellant.

Thomas E. Kauper, Carl D. Lawson, Donald Baker, Seymour H. Dussman, Attys., Dept. of Justice, Washington, D. C., Arlo McKinnon, E. Campion Kersten, Milwaukee, Wis., G. Bradford Cook, Walter P. North, Alan Blank, Attys., S.E.C., Washington, D. C., for appellees.

Before SWYGERT, Chief Judge, and PELL and STEVENS, Circuit Judges.

SWYGERT, Chief Judge.

The New York Stock Exchange appeals from the order of the district court on March 13, 1972 denying the Exchange's motions for (1) an order referring for determination to the Securities and Exchange Commission (SEC) the issue, whether the Exchange's antirebate rule is proper or necessary under the Securities Exchange Act of 1934, and (2) an order striking the class action allegations of the complaint and holding that the suit may not be maintained as a class action.[1]

Thill Securities Corporation filed this action on behalf of itself and all other security dealers and brokers in the United States who are not members or part-

---

1. The antirebate rule prohibited any member of the Exchange from sharing with nonmembers any portion of the commission earned from the purchase or sale of securities notwithstanding the fact that the order was obtained by the nonmember. The rule was amended on April 12, 1972 to allow the nonmember broker-dealer 40% of the set commission rate on transactions procured by the nonmember so long as the nonmember agrees to charge his customer the full amount of the Exchange's public rate. Article XV, § 1 of the Constitution of the New York Stock Exchange is the Exchange's authority for establishing these rules.

ners or employees of members of the Exchange and who are denied access to the facilities of the Exchange except through members. The suit charged that the Exchange had violated the antitrust laws by engaging in an unlawful and unreasonable combination and conspiracy in restraint of interstate trade and commerce and by unlawfully and unreasonably monopolizing a part of the securities market. Thill requested injunctive relief and damages. The district court granted summary judgment for the Exchange after finding that the challenged rule was not a per se violation of the antitrust laws, as the rule was within the scope of the Securities Exchange Act of 1934 and that it would not be proper to inquire into the reasonableness of the rule or to apply the antitrust laws to the rule since "[t]he SEC [wa]s currently exercising its supervisory duty over this area of Exchange self regulation, and . . . such supervision constitutes more than adequate review and control of the Exchange's practices." This court reversed and remanded the case to the district court, concluding that there was "no evidence in the record that the SEC is exercising actual and adequate review jurisdiction under the [Securities Exchange] Act" in supervising the Exchange's commission structure and that even if the SEC was exercising such jurisdiction, that fact "does not in and of itself cloak the Exchange with antitrust

immunity for its conduct relating to those rules." Thill Securities Corp. v. New York Stock Exchange, 433 F.2d 264, 271 (7th Cir. 1970).[2]

On remand the Antitrust Division of the Department of Justice and the SEC were given leave to intervene in the suit and both have filed briefs in this appeal.

The Exchange argues on appeal that the district court erred (1) in refusing to apply the doctrine of primary jurisdiction and refer to the SEC the issue of the applicability of the antitrust laws to the antirebate rule and (2) in certifying that this action is a proper class action even though Thill is no longer a member of the class and has conflicts of interest with other members of the class. All three appellees responded to the first point and concluded that the district court's decision was proper.[3] Thill alone presents an argument as to the propriety of the maintenance of the suit as a class action.

Before reaching the merits of the issues raised on this appeal, we must decide whether the order of March 13, 1972 was an appealable order.[4]

The Exchange argues that the order appealed from is an appealable order under 28 U.S.C. § 1291[5] in accordance with the collateral order doctrine set forth in Cohen v. Beneficial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed.

2. A more detailed statement of the facts in this appeal is set forth in Senior District Judge Campbell's opinion.

3. Although the SEC does not dispute the correctness of the denial of referral of the issue, the implied basis of its argument is that the anti-rebate rule should be reviewed by the SEC under the standards of the Securities Exchange Act of 1934 rather than by a court. The issue was adversely decided to the SEC's position in the earlier appeal. Thill v. New York Stock Exchange, 433 F.2d 264, 275 (7th Cir. 1970).

4. On April 10, 1972 a panel of this court denied an Exchange requested stay of the proceedings in the trial court. On the same date Thill moved to dismiss this ap-

peal and for double costs pursuant to Rule 38 of the Federal Rules of Appellate Procedure because the order appealed from was not an appealable order. The Exchange filed a memorandum in opposition to the motions. A panel of this court (one of which was the writer of this opinion) denied the motions on June 1, 1972 so that the issue could be further briefed and heard at oral argument. On June 16, 1972 another panel denied the Exchange's motion to stay the trial date pending disposition of the appeal but expedited the appeal.

5. The Exchange did not attempt to appeal this order under 28 U.S.C. § 1292(b) by requesting certification for an interlocutory appeal.

1528 (1949). Mr. Justice Jackson in speaking for the Court in that case limited the doctrine to a "small class [of cases] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." 337 U.S. at 546, 69 S.Ct. at 1225. There the appeal was from the denial of the defendants' motion to require the plaintiff in a stockholder's derivative action, to post security, pursuant to a New Jersey statute, for the reasonable expenses of the defendants. The Court held that the district court's order "did not make any step toward final disposition of the merits of the case and will not be merged in final judgment" and that the rights conferred by the statute "will have been lost, probably irreparably," if the order was not then reviewable rather than at a later appeal on the merits of the case. 337 U.S. at 546, 69 S.Ct. at 1225.

The Exchange argues that the order denying referral of the case to the SEC comes within the *Cohen* exception to the principle that only final orders are appealable under 28 U.S.C. § 1291 since the issue of "the application of the primary jurisdiction doctrine . . . is collateral to the basic antitrust issues raised in the action" and "review of this issue [after] . . . final judgment . . . 'will be too late' for effective review and the claimed right of a primary jurisdiction reference may be lost irretrievably." The Exchange does not argue that the class action aspect of the district judge's order is appealable under the *Cohen* doctrine but says that it is reviewable as a matter of judicial economy since the failure to strike the class action was part of the same order—

the denial of the referral of the case to the SEC.

The question whether the antirebate rule issue should be referred to the SEC under the doctrine of primary jurisdiction is an important one [6] in this case; but the Exchange's right to a reference, as contended, will not be "lost irretrievably" since the issue can be raised on appeal if an appeal from the final decision by the district court is taken. Nor do we believe the issue is separable from the basic antitrust issues in the case, as was the procedural issue of the security required under state statute separable from *Cohen's* stockholder's derivative suit.

The Exchange argues that the Supreme Court extended the collateral order doctrine in Swift & Co. Packers v. Compania Colombiana Del Caribe, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1950), when it allowed review of an attachment order which could have been reviewed after judgment. That appeal was from the vacating of an order of attachment of a vessel that had allegedly been fraudulently transferred from one foreign corporation to another in an attempt to avoid liability to the plaintiff shipper who had a cause of action against the first foreign corporation due to nondelivery of shipped goods. The Court, aware of the improbability of an effective remedy for the shipper once the attached vessel was released, stated that "[a]ppellate review of the order dissolving the attachment at a later date would be an empty rite after the vessel had been released and the restoration of the attachment only theoretically possible." *Swift*, at 689, 70 S.Ct. at 865. No circumstances are present in the instant case similar to *Swift* which would justify deviation from the principle that only final judgments are appealable under 28 U.S.C. § 1291.[7]

---

6. Thill v. New York Stock Exchange, 433 F.2d at 276.

7. Mr. Justice Frankfurter in Cobbledick v. United States, 309 U.S. 323, 324–25, 60

S.Ct. 540, 541, 84 L.Ed. 783 (1940), expressed the policy behind the "final judgment" rule:

Finality as a condition of review is an historic characteristic of federal appel-

Besides the normal disadvantage to a litigant in not being able to appeal an adverse trial ruling until after a decision on the merits, there are no circumstances suggested by the Exchange which establish that the referral issue cannot be satisfactorily raised on appeal of the final judgment. The order appealed from is neither a final determination of a claim "of right separable from, and collateral to, rights asserted in the action" nor will it be an issue that cannot be effectively reviewed after final judgment. The court finds that the denial of the referral of this case to the SEC under the doctrine of primary jurisdiction was not an appealable order under 28 U.S.C. § 1291.

Although the Exchange relied on "judicial economy" to justify its argument for reviewing the issue of the propriety of the class action, we hold that the denial of the Exchange's motion to strike the class action is not an appealable order under 28 U.S.C. § 1291. Walsh v. City of Detroit, 412 F.2d 226 (6th Cir. 1969); 9 J. Moore, Federal Practice ¶ 110.13[9], at 184–87 (2d ed. 1970).

Since the court finds that the order of March 13, 1972 is not appealable, we do not reach the merits of the trial court rulings.

The appeal is dismissed for lack of jurisdiction.

late procedure. It was written into the first Judiciary Act and has been departed from only when observance of it would practically defeat the right to any review at all. Since the right to a judgment from more than one court is a matter of grace and not a necessary ingredient of justice, Congress from the very beginning has, by forbidding piecemeal disposition on appeal of what for practical purposes is a single controversy, set itself against enfeebling judicial administration. Thereby is avoided the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment. To be effective, judicial administration must not be leaden-footed. Its momentum would be arrested by permitting separate reviews of the component elements in a unified cause.