Jordan Jay **KING** et al.,
**Plaintiffs-Appellants,**

v.

**KANSAS CITY SOUTHERN INDUS-
TRIES, INC., et al., Defendants-
Appellees.**

No. 72-1734.

United States Court of Appeals,
Seventh Circuit.

Argued and Decided June 12, 1973.

Lowell E. Sachnoff, Chicago, Ill., for plaintiffs-appellants.

A. Bradley Eben, George B. Christensen, Edward H. Hatton and Joan M. Hall, Chicago, Ill., Landon H. Rowland, Kansas City, Mo., Marvin Schwartz, New York City, Arthur Susman, Harry Schulman, Harry A. Young, Jr., Chicago, Ill., for defendants-appellees.

Before PELL and STEVENS, Circuit Judges, and ESCHBACH, District Judge.*

PER CURIAM.

This is an appeal by a group of plaintiffs in only one of six consolidated cases pending in the district court. In the instant case, the district court on June 22, 1972, 56 F.R.D. 96, entered its order denying plaintiffs' motion to have this action designated as a class action. Plaintiffs filed their notice of appeal to this court from that order and concede that they base their right of appeal, if any, on 28 U.S.C. § 1291.

Defendant-appellee Kansas City Southern Industries, Inc., has filed its motion to dismiss the appeal for the reason that the order below was an interlocutory order not appealable under 28 U.S.C. § 1291. We agree.

The question before the court on the motion to dismiss involves a much disputed question as to whether the dismissal of a class action portion of a complaint is appealable. In Thill Securities Corp. v. New York Stock Exchange, 469 F.2d 14, 17 (7th Cir. 1972), this court held that the denial of a motion to strike a class action was not an appealable order under 28 U.S.C. § 1291. We now hold that the present order is not appealable under § 1291, necessitating the dismissal of the appeal for lack of jurisdiction.

In so holding, we follow Hackett v. General Host Corp., 455 F.2d 618 (3d Cir. 1972), cert. denied, 407 U.S. 925, 92 S.Ct. 2460, 32 L.Ed.2d 812; Gerstle v. Continental Airlines, Inc., 466 F.2d 1374 (10th Cir. 1972); and our analogous prior decision in Jumps v. Leverone, 150 F.2d 876 (7th Cir. 1945). We decline to adopt and accordingly reject the so-called "death knell" theory originally enunciated in Eisen v. Carlisle & Jacquelin, 370 F.2d 119 (2d Cir. 1966), cert. denied, 386 U.S. 1035, 87 S.Ct. 1487, 18 L.Ed.2d 598 (1967). Likewise we do not find the "collateral order" doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), applicable to the type of order here involved.

On June 11, 1973, the plaintiffs below purported to secure an order from the district court amending, on a nunc pro tunc basis, the order of June 22, 1972, which amended order would have permitted, pursuant to 28 U.S.C. § 1292(b), an appeal on the class action status as involving a controlling question of law as to which there is a substantial ground for difference of opinion. Our present disposition does not reach the issues raised by that action and we express no opinion as to whether the power existed in the district court to amend its previous order on a nunc pro tunc

---

* Honorable Jesse E. Eschbach is sitting by designation from the United States District Court for the Northern District of Indiana.

basis while an appeal was pending in this court, nor do we express an opinion as to whether this court in its discretion should permit an appeal to be taken from such order in the event it was properly entered below.

Appeal dismissed.