MAUD L. WINDOLF, Plaintiff-Appellee, *v.* THE VILLAGE OF OQUAWKA, Defendant-Appellant.

(No. 74-310;

Third District—June 25, 1975.

Love, Beal & Pratt, of Monmouth (Jane Hartley Pratt, of counsel), for appellant.

Richard P. Lamoreaux, of Monmouth (William J. Works, of counsel), for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff brought this action to recover damages for injuries sustained when she allegedly fell on a street in the Village of Oquawka, Illinois. The plaintiff, an 83-year-old woman, filed her complaint on April 6, 1972. Defendant promptly filed a motion to dismiss which was later heard and denied on April 23, 1973. Defendant Village appeals from a default judgment on the question of liability entered when defendant failed to file an answer within 10 months after defendant's motion to dismiss was heard and denied.

On March 14, 1974, plaintiff filed a motion for default judgment. Defendant appeared at the hearing on the motion, filed an answer and contested the motion, but the court entered a default judgment against defendant on the question of liability and allowed defendant to defend only on the amount of damages to be determined at a later date.

■■ The trial court subsequently denied the defendant's motion to vacate the default judgment and defendant appeals from both the default judgment and from the denial of the motion to vacate. During oral arguments both parties were granted authority to submit supplemental briefs on whether or not the default order entered in this case is a final appealable order. If this court should find that the default order is not a final appealable order, then, of course, the denial of the motion to vacate is not final either. We have reviewed the record and all briefs and believe the general rule is that only final judgments are appealable unless the judgment or order comes within one of the exceptions described in the Supreme Court Rules. In *Kazubowski v. Kazubowski*, 48 Ill.2d 401, 270 N.E.2d 845, 846 (1971) the Illinois Supreme Court recently stated:

> "An order of default does not dispose of the merits of the case and determine the rights of the parties. It is not, therefore, a

298

final judgment. (*Hess v. People ex rel. Miller*, 84 Ill. 247.)
\* \* \*

\* \* \* The record presents no final appealable order reviewable at this time and the appeal is dismissed."

In the case at bar there was no effort to comply with Supreme Court Rule 308(a) (Ill. Rev. Stat. ch. 110A), which recites:

"When the trial court, in making an interlocutory order not otherwise appealable, finds that the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the *court shall so state in writing*, identifying the question of law involved. \* \* \* The Appellate Court may thereupon in its discretion allow an appeal from the order." (Emphasis added.)

Absent compliance with that requirement here the appeal is dismissed.

Appeal dismissed.

STOUDER, P. J., and ALLOY, J., concur.