**DOMACO VENTURE CAPITAL FUND, a limited partnership, Plaintiff-Appellant,**

v.

**TELTRONICS SERVICES, INC., et al., Defendants,**

Teltronics Services, Inc., et al., Defendants-Appellees.

### No. 580, Docket 76–7462.

United States Court of Appeals, Second Circuit.

Argued Jan. 5, 1977.

Decided Feb. 17, 1977.

J. L. Zivyak, New York City (Berman & Zivyak, New York City, of counsel), for plaintiff-appellant.

Dennis J. Block, New York City (James W. Quinn, Lynn H. Schafran, Weil, Gotshal & Manges, New York City, of counsel), for defendants-appellees.

Before MANSFIELD, GURFEIN and MESKILL, Circuit Judges.

PER CURIAM:

Domaco Venture Capital Fund ("Domaco") is a small, closed-end investment company organized as a New York limited partnership. Its sole general partner is Jack Polak, one of the principals in this lawsuit.

In January, 1973, Domaco purchased 500 shares of Teltronics Services, Inc. ("Teltronics") at $10 per share. The stock was part of a larger block of nearly 12,000 shares of Teltronics bought by Polak, corporations he controlled, and clients for whom he invested on a discretionary basis. The stock was bought in large part upon the recommendation of Stanley Bartels, a close friend of Polak. Bartels was a registered representative with Shaskan & Co., Inc. ("Shaskan"), the underwriter and principal market maker in Teltronics. In June, 1973, Shaskan became bankrupt, and the market for Teltronics stock collapsed. Shortly after that, this action was begun in the Southern District of New York by Domaco as a class suit on behalf of all persons who purchased shares in reliance upon a Teltronics prospectus used to market the stock, seeking rescission and damages on the grounds that the prospectus was materially false and misleading.

A counterclaim and third party complaint has been filed against Domaco and Polak. It alleges that Bartels "tipped" Polak as to Shaskan's financial difficulties, and that, as a result, Polak sold some of his Teltronics holdings (not including Domaco's) back to Teltronics. It further seeks contribution from Polak, alleging that he himself made material misrepresentations in connection with transactions in Teltronics. Finally, the third-party plaintiff has brought in Bartels, among others, as a defendant, which Polak failed to do. Based upon the serious conflict between Polak and the other potential class members, and the strong possibility that any class action would be "leveraged" to protect Polak, *see G. A. Enterprises Inc. v. Leisure Living Communities, Inc.,* 517 F.2d 24, 26 (1st Cir. 1974), *but see Mersay v. First Republic Corp. of America,* 43 F.R.D. 465 (S.D.N.Y.1968), Judge Cannella, to whom the case was assigned, denied class action status, and this appeal followed.[1]

■ The general rule of the federal courts permits appeals only from final orders. 28 U.S.C. § 1291. A grant or denial of class action status is obviously not final in the usual sense. However, in this Circuit, there is a narrow exception to this rule for denials of class action status which meet the "death-knell" test of *Eisen v. Carlisle & Jacquelin,* 370 F.2d 119 (2d Cir. 1966), *cert. denied,* 386 U.S. 1035, 87 S.Ct. 1487, 18 L.Ed.2d 598 (1967) (*Eisen I* ).[2] The threshold requirement of that test is that the amount of the named plaintiff's claim be so small that the lawsuit could not go forward except as a class action.[3]

■ In the instant case, the named plaintiff, Domaco, purchased 500 shares of Teltronics at $10 per share. After the collapse of Shaskan, Polak managed to sell these shares at $2.50. Thus, the damages on this transaction alone equal $3,750. Moreover, a friend and associate of Polak, who is represented by the same counsel and who claims to have suffered $2,750 damages as the result of his purchase of 500 Teltronics shares at $10 per share which he sold at $4.50 per share, has been induced to intervene in the action.[4] For purposes of this appeal, his claims must be aggregated with Domaco's. *See City of New York v. International Pipe & Ceramics Corp.,* 410 F.2d 295, 299 (2d Cir. 1969). Together, their claims are well in excess of the upper limit in "death-knell" cases.[5] *See Shayne v. Madison Square Garden Corp.,* 491 F.2d 397, 402 (2d Cir. 1974) (claim of $7,482 "far larger" than maximum allowed); *Gosa v. Securities Inv. Co.,* 449 F.2d 1330, 1332 (5th Cir. 1971) (claim of $3,322.20 too large). Thus, the action can profitably be pursued without the class action designation, and the death-knell exception to the final judgment rule is inapplicable.

The appeal is dismissed for lack of jurisdiction.[6]

1. Plaintiff did not apply to Judge Cannella to certify the interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

2. The test has been repeatedly criticized, see *Shayne v. Madison Square Garden Corp.,* 491 F.2d 397, 399–401 (2d Cir. 1974); *Parkinson v. April Industries,* 520 F.2d 650, 658 (2d Cir. 1975) (Friendly, J., concurring); *Korn v. Franchard Corp.,* 443 F.2d 1301, 1307 (2d Cir. 1971) (Friendly, J., concurring). The doctrine has been rejected in at least two circuits. *Katz v. Carte Blanche Corp.,* 496 F.2d 747, 752 (3d Cir. 1974), *cert. denied,* 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1975); *King v. Kansas City So. Indus.,* 479 F.2d 1259, 1260 (7th Cir. 1973).

3. In the case of a small individual claim, there may be other factors that weigh against appealability. *See* Wright, Miller and Cooper, 15 Federal Practice and Procedure § 3912 at 513–14 (1976). However, where the individual claim is as large as it is here, the amount in controversy alone will defeat appealability.

4. Furthermore, as we noted above, Polak's clients, many with long-standing business and personal ties to him, purchased nearly 12,000 shares of Teltronics.

5. In his pleadings, plaintiff asks for even larger damages of $10 per share.

6. Because of our disposition of this appeal, we need not decide whether or not the death-knell doctrine is limited to appeals of truly collateral orders, as is the situation in appeals from orders granting class action status. *See Parkinson v. April Industries,* 520 F.2d 650 (2d Cir. 1975); *General Motors Corp. v. City of New*

*York,* 501 F.2d 639 (2d Cir. 1974); *Kohn v. Royall, Koegel & Wells,* 496 F.2d 1094 (2d Cir. 1974); Wright, Miller and Cooper, 15 Federal Practice and Procedure § 3912 at 511 (1976).