MARY PETRUCHIUS et al., Plaintiffs-Appellants, v. DON ROTH RESTAURANTS, INC., Defendant-Appellee.

First District (2nd Division)   No. 79-246

Opinion filed December 31, 1979.

Gorman and Gorman, of Chicago (Gregory X. Gorman, of counsel), for appellants.

Rusnak, Deutsch and Gilbert, Ltd., of Chicago (Peter J. Kilchenmann, of counsel), for appellee.

Mr. JUSTICE HARTMAN delivered the opinion of the court:

This appeal is taken from orders of the trial court denying the named plaintiffs' respective motions for certification of the class proposed in their complaint and for allowance of an interlocutory appeal under Supreme Court Rule 308 (Ill. Rev. Stat. 1977, ch. 110A, par. 308). For the reasons hereinafter stated, we dismiss the appeal in its entirety for want of jurisdiction.

In the complaint, filed on January 27, 1978, plaintiffs Mary Petruchius and Marie Dowd (hereinafter plaintiffs), formerly employed by Don Roth Restaurants, Inc. (hereinafter defendant), sued defendant on behalf of themselves "* * * and all other persons who have been employed by

Don Roth Restaurants, Inc. as waiters or waitresses." Because the appeal is dismissed for lack of finality, the allegations of the complaint relating to specific requirements of the Illinois class action statute (Ill. Rev. Stat. 1977, ch. 110, par. 57.2) need not be discussed. Plaintiffs' relevant allegations were that defendant violated section 9 of the Illinois Wage Payment and Collection Act (Ill. Rev. Stat. 1977, ch. 48, par. 39m—9) (hereinafter Act), providing in relevant part that "[u]nilateral deductions by employers from wages, except for lawful purposes, or where they are to the benefit of the employees, are prohibited," by the following purported acts: requiring waiters and waitresses to put all the tips they received immediately into a "bucket"; counting the funds thus collected at a later date and putting them into envelopes for each waiter and waitress in proportionate shares according to the number of hours worked; and making the waiters and waitresses pay for cash shortages and check mistakes on customers' bills by locking the tip envelopes in a "safety vault" and not distributing them "* * * until reimbursements for such mistakes were made to the restaurant from the waiter or waitresses' own personal funds." The practices thus described were alleged also to be in violation of article I, Rule 1.01 of the Rules Regulating Deductions from Wages (Department of Labor Publication 106), promulgated by the Illinois Department of Labor pursuant to the Act and quoted as providing that " '* * * [c]ash and/or inventory shortages may not be deducted from an employee's pay in any case * * *.' " By the acts complained of, defendant was alleged to "* * * intentionally violate said laws and show a reckless and wilful disregard for the rights and protections granted its employees under the aforesaid statutes and regulations." Plaintiffs maintained additionally that by its practice of requiring employees to reimburse it for shortages defendant was effectively paying less than the minimum legal wage required by the Minimum Wage Law (Ill. Rev. Stat. 1977, ch. 48, pars. 1001 *et seq.*). They prayed that, *inter alia*, defendant be required to pay back all monies thus wrongfully withheld from its employees with interest; required to pay back wages to employees who earned less than the minimum wage required by law; enjoined from destroying any records of payments made by its employees to defendant and that said records be impounded; and assessed an additional sum of $500,000 as punitive damages, plus costs and attorney's fees.

Plaintiffs filed their "Motion to Certify the Class and to Appoint Counsel to Represent the Class" on April 3, 1978, asserting that plaintiffs' attorneys of record were qualified to represent the class and realleging that the requirements of section 57.2 for maintenance of a class action had been met. On November 28, 1978, the court, "* * * having considered all the pleadings motions and affidavits and having heard the arguments of counsel * * *," denied the motion, found "* * * no just reason to delay

enforcement or appeal," and established a briefing schedule "* * * concerning the applicability of Ill. Sup. Ct. Rule 308 to this order * * *" with a hearing date of January 11, 1979. On the latter date, considering memoranda submitted by the parties and arguments of counsel, the court ordered "[t]hat plaintiffs' Motion for Certification under Ill. Sup. Ct. Rule 308 is denied." Plaintiffs filed their notice of appeal from both orders on January 31, 1979.

Present determination of the merits of plaintiffs' appeal from the trial court's denial of their motion to certify the proposed class depends upon our resolution of two threshold questions: whether the denial order of November 27, 1978, was final and appealable as of right, and whether the subsequent order of January 11, 1979, denying certification of an interlocutory appeal under Supreme Court Rule 308 (Ill. Rev. Stat. 1977, ch. 110A, par. 308) is itself appealable.

Both parties urge that the November 28 order is appealable, plaintiffs relying upon Supreme Court Rule 304(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a)), which permits an appeal to be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Plaintiffs and defendant refer to the court's finding in its November 28 order "* * * that there is no just reason to delay enforcement or appeal"; this language, according to defendant, made the order "immediately appealable." The inclusion of the special finding does not in and of itself make the order appealable if it is not in fact final. (*Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.* (1976), 63 Ill. 2d 61, 66, 344 N.E.2d 461; *Peter G. Georges, Inc. v. Feldon Building Corp.* (1978), 61 Ill. App. 3d 631, 636, 377 N.E.2d 1102. See also Ill. Ann. Stat., ch. 110A, par. 304(a), Committee Comments, at 240 (Smith-Hurd Supp. 1979).) Defendant contends further that the November 28 order constitutes an appealable judgment because it finally disposed of the rights of the unnamed members of plaintiffs' proposed class insofar as it held that they were not entitled to any relief in the litigation.

An order is final and appealable when it terminates the litigation on the merits of the case and determines the rights of the parties either upon the entire controversy or upon some definite and separate part of it. (*Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 48, 147 N.E.2d 371; *Brauer Machine & Supply Co. v. Parkhill Truck Co.* (1943), 383 Ill. 569, 574, 50 N.E.2d 836; *Coble v. Chicago Health Club, Inc.* (1977), 53 Ill. App. 3d 1019, 1020, 369 N.E.2d 188; *Rizzo v. Board of Fire & Police Commissioners* (1975), 33 Ill. App. 3d 420, 425, 337 N.E.2d 735.) In the milieu of class action litigation it is significant that, under section 57.3(a) of the class action statute, an order relative to maintenance or

composition of a class "* * *" may be conditional and may be amended before a decision on the merits." (Ill. Rev. Stat. 1977, ch. 110, par. 57.3(a); see also *Frank v. Teachers Insurance & Annuity Association of America* (1978), 71 Ill. 2d 583, 590, 376 N.E.2d 1377.) Under section 57.7, a class action cannot be compromised or dismissed except with the court's approval and upon such notice as it required (Ill. Rev. Stat. 1977, ch. 110, par. 57.7). This provision leaves the trial court no discretion to allow such compromise or dismissal without its approval. Ill. Ann. Stat., ch. 110, par. 57.7, Supplement to Historical and Practice Notes, at 97 (Smith-Hurd Supp. 1979).

Based upon the character of orders relating to the maintenance of a class as determined by the aforegoing provisions, we find that the November 28 order is not final and therefore not appealable as of right. It contains no findings as to the common questions of law or fact substantially at issue in the action, nor any language that could be fairly construed as a compromise or dismissal of the cause as to the named plaintiffs. It was no more nor less than a denial of their motion to certify the proposed class, a ruling which, under section 57.3(a), was subject to amendment prior to a decision on the merits. Those further provisions of the order pertaining to consideration of an interlocutory appeal under Supreme Court Rule 308 (Ill. Rev. Stat. 1977, ch. 110A, par. 308), if at all significant in this context, imply that the trial court regarded the action as still viable subsequent to denial of the motion, at least as to the individual claims of the named plaintiffs. Accordingly, it cannot be said even as to the unnamed members of the class that the order terminated the litigation between the parties so that, if affirmed, the trial court would have only to proceed with the execution of judgment. *Oak Brook Bank v. Citation Cycle Co.* (1977), 45 Ill. App. 3d 1053, 1057, 360 N.E.2d 458.

In a recent law journal analysis of the class action statute, the author remarked that "[a]n order granting or denying class action status is not a final and appealable order since it does not determine the final disposition of all claims of all parties of the lawsuit." (Forde, *Illinois's New Class Action Statute*, 59 Chi. Bar Rec. 120, 133 (1977).) He observed that, in promulgating the statute, the legislature deleted a provision expressly allowing appeal as a matter of right from an order granting or denying class status, in part because of concern that a provision for interlocutory appeals of right from such orders might offend the judicial article of the Illinois Constitution (Ill. Const. 1970, art. VI, §6), which authorizes the Supreme Court to provide for other than final judgments. (Forde, at 134.) Also, language in *Frank* calls to the trial courts' attention the availability of an interlocutory appeal under Supreme Court Rule 308 (Ill. Rev. Stat. 1977, ch. 110A, par. 308) as a means of resolving issues relative to maintenance or composition of a class at an early stage of the

proceedings. (71 Ill. 2d 583, 590-91.) Insofar as this approach is germane to the question before us of whether an order denying class certification is final and appealable as of right, it suggests an answer in the negative, since an interlocutory appeal from such an order via the Rule 308 procedure implies that, pursuant to the language of the Rule, the order is "* * * not otherwise appealable * * *." Ill. Rev. Stat. 1977, ch. 110A, par. 308(a).

We find further authority for our conclusion in a recent Federal decision, *Coopers & Lybrand v. Livesay* (1978), 437 U.S. 463, 57 L. Ed. 2d 351, 98 S. Ct. 2454 (hereinafter *Livesay*), wherein the Supreme Court held under the comparable Federal rule that the jurisdiction of the Court of Appeals generally obtains only over "final decisions" of the district courts (28 U.S.C. §1291 (1976)). The trial court's decertification of the class in *Livesay* was held not to be a "final decision" for purposes of appeal and therefore not appealable as a matter of right (437 U.S. 463, 467, 57 L. Ed. 2d 351, 357, 98 S. Ct. 2454, 2457):

> "Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' *Catlin v. United States*, 324 US 229, 233, 89 L. Ed. 911, 65 S. Ct. 631. An order refusing to certify, or decertifying, a class does not of its own force terminate the entire litigation because the plaintiff is free to proceed on his individual claim. Such an order is appealable, therefore, only if it comes within an appropriate exception to the final-judgment rule."

The court went on to reject the claim that a prejudgment order denying class certification fell under the "collateral order" exception to the final judgment rule, since under the applicable procedural rule the order would be subject to alteration or amendment before a decision on the merits. (Fed. Rule Civ. Proc. 23(c)(1).) Also discussed was the "death knell" doctrine, the basis of the invocation of jurisdiction by the Court of Appeals reversed in that case, whereby it was assumed that an order denying class certification is appealable if it is likely to sound the "death knell" of the entire action. Pointing out that courts of appeals had otherwise correctly considered class certification orders as interlocutory in character, the Supreme Court held that although such an order might induce a party to abandon his individual claim before final judgment, that was not a sufficient reason for considering it a "final decision" within the meaning of the Federal rule. The court's decision in *Livesay* is persuasive authority for a like result here. (*Barliant v. Follett Corp.* (1978), 74 Ill. 2d 226, 236, 384 N.E.2d 316.) As previously noted, determinations relating to the maintenance of a class action in Illinois are subject to amendment prior to a decision on the merits and cannot be compromised or dismissed without the court's approval and upon such notice as it requires.

We also lack jurisdiction over the order of January 11, 1979, denying plaintiffs' motion for certification by the trial court of an interlocutory appeal under Supreme Court Rule 308. (Ill. Rev. Stat. 1977, ch. 110A, par. 308.) Such an appeal requires the concurrence of the trial and appellate courts that there is a substantial question of law to be decided, an immediate review of which will expedite the disposition of the litigation. (Ill. Ann. Stat., ch. 110A, par. 308(a), Committee Comments, at 269 (Smith-Hurd Supp. 1979); *Myers v. Myers* (1977), 51 Ill. App. 3d 830, 836-37, 366 N.E.2d 1114.) The terms of the trial court's order do not allow us to infer 'the requisite concurrence here; indeed, the absence of written findings therein, establishing that the requirements for allowance of an interlocutory appeal under Rule 308 have been met, precludes our consideration of the substantive questions involved. (*Peter G. Georges, Inc. v. Feldon Building Corp.* (1978), 61 Ill. App. 3d 631, 635, 377 N.E.2d 1102; *Debowski v. Shred Pax Corp.* (1977), 45 Ill. App. 3d 891, 898, 359 N.E.2d 204; *Windolf v. Village of Oquawka* (1975), 29 Ill. App. 3d 296, 298, 331 N.E.2d 14.) To hold otherwise in a class action setting would call into question the extensive discretionary powers available to the trial court in resolving the difficult administrative problems that often arise in this type of case. See *Livesay*, 437 U.S. 463, 474-75, 57 L. Ed. 2d 351, 361-62, 98 S. Ct. 2454.

Plaintiffs' reliance upon *Frank v. Teachers Insurance & Annuity Association of America* in respect to the appealability of the January 11 order is misplaced. The court there only recommended utilization of the Rule 308 procedure by the trial courts in those cases where they believe the necessary preconditions exist. We find nothing in the record to substantiate plaintiffs' unsupported claim that the court's denial of Rule 308 certification was in this instance an abuse of discretion.

Accordingly, the appeal is dismissed.

STAMOS, P. J., and PERLIN, J., concur.