MELVIN E. LEVY *et al.*, Plaintiffs-Appellants, *v.* THE METROPOLITAN SANITARY DISTRICT OF GREATER CHICAGO, Defendant-Appellee.— DINO RAFFAELLI *et al.*, Plaintiffs-Appellants, *v.* THE METROPOLITAN SANITARY DISTRICT OF GREATER CHICAGO, Defendant-Appellee.

First District (4th Division)    Nos. 80-2180, 80-2581 cons.

Opinion filed October 1, 1981.

Michael Berland *et al.*, of Chicago, for appellants Melvin Levy *et al.*

Freeman, Atkins & Coleman, of Chicago (Susan B. Daumer, of counsel), for appellants Dino Raffaelli *et al.*

Allen S. Lavin, of Chicago (James B. Murray and Jack L. Shankman, of counsel), for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

These consolidated cases, Melvin E. Levy *et al.* v. The Metropolitan Sanitary District of Greater Chicago, and, Dino Raffaelli and Theresa Raffaelli, on their own behalf and on behalf of all other persons similarly situated v. The Metropolitan Sanitary District of Greater Chicago, are appeals from orders of the circuit court of Cook County dismissing the

class action aspects of the plaintiffs' complaints. The defendants' motions to dismiss the actions of the individual plaintiffs were not granted.

Both the Levy and Raffaelli plaintiffs alleged that they and the members of their classes had obtained a substance known as "Nu-Earth" fertilizer from the defendant and had used the fertilizer on their lawns and gardens between 1975 and 1979. They alleged that Nu-Earth, a byproduct of the defendant's operations, is contaminated with dangerous levels of cadmium which is absorbed by plants and vegetables and which causes injuries to persons when the vegetables are eaten. The plaintiffs sought: (1) a prohibitory injunction against the preparation and distribution of Nu-Earth; (2) testing of each class member's soil to ascertain the level of contamination; (3) replacement or neutralization of contaminated soil; (4) compensation for existing injuries to the plaintiffs' persons and property. Additionally, the Levy plaintiffs sought the creation of a fund from which they could be compensated for injuries which they may sustain in the future from having used Nu-Earth.

■■ The defendant moved to dismiss the class action aspects of each complaint and to dismiss the actions of the individual plaintiffs. The class action aspects of both complaints were dismissed, but the actions of the individual plaintiffs were left standing. In each case the trial court's order dismissing the class action aspects of the action contains a special finding pursuant to Supreme Court Rule 304(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 304(a)) that "there is no just reason to delay enforcement or appeal." Such a finding renders final judgments as to fewer than all of the parties appealable. (Ill. Rev. Stat. 1979, ch. 110A, par. 304(a).) An order which is not final is not appealable under Rule 304(a) notwithstanding the inclusion of the special finding. (*Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.* (1976), 63 Ill. 2d 61, 344 N.E.2d 461.) Prior to the end of the litigation one may appeal from an order which is not final only under the interlocutory appeal provisions of the Supreme Court Rules. (Ill. Const. 1970, art. VI, §6; see *e.g.*, Ill. Rev. Stat. 1979, ch. 110A, pars. 307, 308.) Since the appeals here were not taken under the interlocutory appeal provisions of the Supreme Court Rules, we have no jurisdiction to hear the plaintiffs' appeals unless the trial courts' orders were final. Thus, the threshold issue of this appeal is whether an order dismissing the class action aspects of a complaint is a final order.

■■ A final order or judgment is one which terminates the litigation on the merits and disposes of the rights of the parties either on the entire controversy or on some definite part (*Jursich v. Arlington Heights Federal Savings & Loan Association* (1980), 83 Ill. App. 3d 352, 403 N.E.2d 1260), so that if affirmed the trial court has only to proceed with execution of judgment (*Johnson v. Northwestern Memorial Hospital* (1979), 74 Ill. App. 3d 695, 393 N.E.2d 712). To be final an order must terminate the

litigation once and for all and be the law's last word on the matter. (*La Vida, Inc. v. Robbins* (1961), 33 Ill. App. 2d 243, 178 N.E.2d 412.) An order which leaves the cause still pending and undecided is not final. *People v. Fisher* (1929), 335 Ill. 406, 167 N.E. 59; *La Vida, Inc. v. Robbins*.

Until the recent United States Supreme Court opinion in *Coopers & Lybrand v. Livesay* (1978), 437 U.S. 463, 57 L. Ed. 2d 351, 98 S. Ct. 2454, there was a conflict in the Federal circuits over the issue of whether a trial court's determination that an action may not be maintained as a class action is a final decision and therefore appealable as a matter of right.[1] Prior to *Livesay*, several circuits had held that an order denying class certification was appealable as of right if the order was likely to sound the "death knell" of the litigation. (See, *e.g.*, *Hooley v. Red Carpet Corporation of America* (9th Cir. 1977), 549 F.2d 643; *Ott v. Speedwriting Publishing Co.* (6th Cir. 1975), 518 F.2d 1143; *Gosa v. Securities Investment Co.* (5th Cir. 1971), 449 F.2d 1330; *Eisen v. Carlisle & Jacquelin* (2d Cir. 1966), 370 F.2d 119, *cert. denied* (1967), 386 U.S. 1035, 18 L. Ed 2d 598, 87 S. Ct. 1487.) Under the death knell doctrine, an appeal could be had as of right where the individual plaintiff's claim was so small that it would not be practical for him to proceed absent the incentive of possible group recovery. Other circuits have held that orders relative to class status are not final (see, *e.g.*, *King v. Kansas City Southern Industries, Inc.* (7th Cir. 1973), 479 F.2d 1259; *Hackett v. General Host Corp.* (3d Cir. 1972), 455 F.2d 618, *cert. denied* (1972), 407 U.S. 925, 32 L. Ed. 2d 812, 92 S. Ct. 2460), and have heard appeals from such orders only pursuant to the Federal interlocutory appeals act (28 U.S.C. §1292; see, *e.g.*, *Susman v. Lincoln American Corp.* (7th Cir. 1977), 561 F.2d 86; *Lukenas v. Bryce's Mountain Resort, Inc.* (4th Cir. 1976), 538 F.2d 594).

In settling the conflict among the circuits the court in *Livesay* held that an order which determines whether an action can be brought as a class action is not final for purposes of appeal (28 U.S.C. §1291) because such an order does not terminate the litigation since the individual plaintiff's action is still pending. Further, under the Federal rules an order involving class status may be "altered or amended before the decision on the merits" (Fed. R. Civ. P. 23(c)(1)) and therefore such an order is "inherently tentative" (*Livesay*, 437 U.S. 463, 469, 57 L. Ed. 2d 351, 358, 98 S. Ct. 2454, 2458). The court rejected the death knell doctrine stating, "the fact that an interlocutory order may induce a party to abandon his claim before final judgment is not a sufficient reason for considering it a 'final

---

[1] The State courts also have differed on whether an order granting or denying class status is final. Such orders have been held to be final in Arizona, California, North Dakota, Ohio and Pennsylvania. Alabama, Colorado, Indiana, and Missouri courts have held that they are interlocutory and thus not appealable as of right. State court decisions on this issue are collected in an annotation, 54 A.L.R.3d 595 (1974), "Appealability of Order Denying Right to Proceed in Form of Class Action—State cases."

decision' ° ° °." (*Livesay*, 437 U.S. 463, 477, 57 L. Ed. 2d 351, 363, 98 S. Ct. 2454, 2462.) According to the *Livesay* decision, prior to the termination of the litigation appeals from orders granting or denying class status may be had only under the interlocutory appeals act (28 U.S.C. §1292), which was enacted "to meet the recognized need for prompt review of certain nonfinal orders." *Livesay*, 437 U.S. 463, 474, 57 L. Ed. 2d 351, 361, 98 S. Ct. 2454, 2461.

Recognizing that the Illinois rule concerning interlocutory appeal and our class action statute are patterned after the Federal law,[2] the court in *Petruchius v. Don Roth Restaurants, Inc.* (1979), 79 Ill. App. 3d 1071, 398 N.E.2d 1228, held that an order denying class certification is not a final order. The *Petruchius* court reasoned that since orders concerning whether an action may be maintained as a class action may be conditional and may be amended it could not be said, even as to the unnamed members of the class, that the order terminated the litigation between the parties so that, if affirmed, the trial court would have only to proceed with the execution of judgment.

■■ In *Livesay*, the order appealed from was one decertifying the class. In *Petruchius*, the trial court had denied class certification. Here, the trial court dismissed the class action aspects of the complaint. We believe that the reasoning and holdings of the *Livesay* and *Petruchius* decisions are applicable to any order which determines whether an action can be brought as a class action. Under section 57.3 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 57.3) any such order may be conditional and may be amended and therefore any such order is by definition, tentative. Further, whichever type of order is utilized by the trial court in determining whether the action may be brought as a class action, the individual

---

[2] Supreme Court Rule 308(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 308(a)), provides in part: "When the trial court, in making an interlocutory order not otherwise appealable, finds that the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the court shall so state in writing, identifying the question of law involved. ° ° °. The Appellate Court may thereupon in its discretion allow an appeal from the order." Section 1292(b) of the interlocutory appeals act (28 U.S.C. §1292(b)) provides: "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within 10 days after the entry of the order." Section 57.3 of our Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 57.3) provides in part: "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it may be so maintained and describe those whom the court finds to be members of the class. This order may be conditional and may be amended before a decision on the merits." Federal Rule 23(c)(1) (Fed. R. Civ. P. 23(c)(1)) provides in part that an order involving class status may be "altered or amended before the decision on the merits."

plaintiffs retain their rights to proceed in their own behalfs. Whether the order appealed from is the decertification of the class, denial of class certification, or dismissal of the class action allegations of the complaint, the order is not final and may be appealed from prior to the termination of the litigation only under the interlocutory appeal provisions of the Supreme Court Rules.[3]

In *Hayna v. Arby's Inc.* (1981), 99 Ill. App. 3d 700, 425 N.E.2d 1174, the court held that an order dismissing the class action aspects of a complaint is final. For the reasons stated we reach a contrary conclusion.

The orders appealed from are not final, and accordingly the appeals are dismissed.

JOHNSON and LINN, JJ., concur.

---

[3] That it is sometimes desirable to allow interlocutory review of preliminary orders affecting class status was recognized in *Frank v. Teachers Insurance & Annuity Association of America* (1978), 71 Ill. 2d 583, 376 N.E.2d 1377. The supreme court suggested the utilization of Rule 308 where early review is sought.