WILLIAM D. POYNTER *et al.*, as Parents and Next Friend of Patrick W. Poynter, a Minor, Plaintiffs-Appellants, *v.* KANKAKEE SCHOOL DISTRICT NO. 111, Defendant-Appellee.

Third District   No. 77-203

Opinion filed December 13, 1977.

Thomas R. Judd, of Kankakee, for appellants.

Richard L. Ackman, of Ackman, Marek & Boyd, Ltd., of Kankakee, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the Circuit Court of Kankakee County. The plaintiffs (William D. Poynter and Marilyn J. Poynter, as parents and next friend of Patrick W. Poynter, a minor) had brought an action to recover damages for injuries received which resulted from a riot or disturbance at Westview High School in Kankakee. The defendant (Kankakee School District No. 111) moved for summary judgment. The trial court had before it the pleadings, depositions, and answers of interrogatories with the transcripts of statements appended thereto. The trial court granted the defendant's motion for summary judgment and subsequently denied two motions for rehearing which were filed by the plaintiffs. This appeal ensued.

The record discloses that on April 3, 1972, the plaintiff parents filed a complaint against the defendant school district on behalf of their minor son, Patrick, in which it was alleged that the defendant, having knowledge of an impending disturbance or riot at Westview High School, failed to take steps to avoid the impending condition or to protect its students from the consequences of such a condition. The complaint as filed did not utilize the words "willful and wanton," but consistently and continuously characterized the defendant's conduct as being "carelessly and negligently."

The basis for the plaintiffs' complaint was an occurrence at the high school on October 5, 1971. On this date the minor Patrick was a sophomore and arrived at the school at the required time and went to his first-hour class. When Patrick arrived at the door of his classroom he noticed a group of black students coming down the hallway toward him. There were also a number of white students in the classroom. Patrick entered his classroom as the black students proceeded down the hallway. After Patrick entered the classroom he was taken along with other students to another classroom where other students were already located. Two teachers then left the students after locking the classroom door. Shortly thereafter a pane of glass in the classroom door was broken and entry was made into the classroom by approximately 30 blacks. The students who were in the room retreated toward a rear corner of the room and Patrick was standing in the front of the group of retreating students when one of the invading black students struck him on the head with a stick or pipe. Patrick was rendered unconscious and when he was revived he was taken to the hospital for treatment.

Mr. Richmond, principal of the high school, in a statement to an investigator which was appended to answers to interrogatories, stated in substance that on October 4, 1971, he received information that on the following day prior to the convening of classes there would be a racial problem between the black and white students. The record further discloses that on the morning of October 5, 1971, Richmond, the school principal, stationed himself in a parking lot in order to prevent the assemblage of a large number of students in this area. Richmond did not deem it necessary to call for assistance from the police or other faculty members.

It is clear from the record that the teachers were given no special training in regard to the handling of riots or disturbances with the exception of being told to remain in the hallways when students were there.

On March 5, 1975, almost three years after the complaint of the plaintiffs was filed, the defendant filed a motion for summary judgment. The motion for summary judgment was taken under advisement by the trial judge for the purpose of waiting for our supreme court's determination of *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705. After the supreme court's decision in this case the trial court in the instant case granted defendant's motion for summary judgment.

The pivotal issue to be determined by this court is whether the plaintiffs are correct in their contention that an examination of the pleadings, depositions, answers of interrogatories and transcripts of statements made a part of the record will support a finding of an issue of fact as to whether the defendant was guilty of willful and wanton conduct.

■■ ■ At the outset we note that all parties to this appeal are in agreement that in order for there to be recovery against the defendant school district there must be present willful and wanton misconduct. This requirement has its origin in two identical portions of the School Code providing generally that teachers stand in relationship of parents and guardians to the pupils. (See Ill. Rev. Stat. 1975, ch. 122, pars. 24-24, 34-84a.) Our supreme court has pointed out that these enactments actually confer upon teachers "the status of parent or guardian to the students." (*Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 170, 347 N.E.2d 705, 708.) It follows therefore, that in the case before us in order to impose liability upon the defendant there must be present willful and wanton misconduct. See also *Tanari v. School Directors* (1976), 43 Ill. App. 3d 331, 356 N.E.2d 1365, and *Gordon v. Oak Park School District No. 97* (1974), 24 Ill. App. 3d 131, 320 N.E.2d 389.

Subsequent to the trial court's granting of the motion for summary

judgment in the instant case the trial court denied a motion for rehearing filed by the plaintiffs and in support of this ruling filed a memorandum opinion. The trial court's opinion conceded that it was not necessary for the plaintiffs in their complaint to use the precise words of "willful and wanton" in order to allege such conduct, but that an allegation of certain facts could be sufficient. The trial court in its opinion cited the case of *Church v. Adler* (1953), 350 Ill. App. 471, 479-80, 113 N.E.2d 327, 331, and quoted from said case as follows:

"Defendant vigorously urges that the words 'negligently and carelessly' are mere legal conclusions, not allegations of fact. * * * However, the words may be classified when standing alone and out of context * * *, they are not mere legal conclusions when properly employed in context with allegations stating circumstances which they characterize."

The trial court in its memorandum opinion further stated:

"It is a truism that the same acts which constitute negligent conduct, may in a different context amount to wilful and wanton conduct. * * * There may be acts of this nature in the instant complaint, but in the court's opinion the characterization of them as negligent and careless amounts to an implied denial of the wilful and wanton state of mind, or at least waiver of greater culpability."

While we quarrel not with the trial court's ruling, at first blush we were of the opinion that the trial court by relying solely on *Church v. Adler* (1953), 350 Ill. App. 471, 113 N.E.2d 327, was predicating its ruling on grounds which were unnecessarily too narrow; however, an examination of the record convinces us that narrow or not, the ruling was indeed correct. In examining the complaint of the plaintiffs we find that paragraph five reads as follows:

"5. At the same time and place, Defendant breached its duty and was guilty of one or more of the following negligent acts, and or omissions:

a. Carelessly and negligently failed to maintain proper discipline or control in and of said school or its student body.

b. Carelessly and negligently failed to take notice of a riotous condition which previously and currently existed in said school and to take the proper steps to quell said condition.

c. Carelessly and negligently failed to maintain control and discipline in said school so that large numbers of students could and did roam the halls, creating disturbances, causing property damage and bodily injury to other students.

d. Carelessly and negligently failed to provide adequate supervision and protection for the students when they knew, or should have known, that such riotous conduct has previously

occurred and was impending and that such riotous conduct would, or could result in bodily injury to members of the student body.

e. Carelessly and negligently allowed students, armed with instruments that could be used as deadly weapons, to enter such school on the date heretofore mentioned."

■■ It is abundantly clear that the plaintiffs' use of the words "negligently and carelessly" in their complaint are not mere legal conclusions but on the contrary as used they describe and characterize the defendant's acts to the extent that they negate any wilful and wanton conduct on the part of the defendant.

■■ We are of the opinion that the trial court correctly applied the law and there being no wilful or wanton misconduct which can be charged to the defendant, hence there is no material issue of fact in dispute which would preclude the entry of a summary judgment.

For the reasons set forth the judgment of the circuit court of Kankakee County is affirmed.

Judgment affirmed.

STENGEL, P. J., and STOUDER, J., concur.