CHRISTOPHER L. CIPOLLA, a Minor, by Angelo Cipolla, his Father and Next Friend, Plaintiff-Appellant, *v.* BLOOM TOWNSHIP HIGH SCHOOL DISTRICT NO. 206, a/k/a Bloom Trail Division, Defendant-Appellee.

First District (4th Division)    78-137

Opinion filed February 22, 1979.

Robert F. Chudada, of Piacenti, Cifelli & Sims, of Chicago Heights, for appellant.

John W. Lally, of Chicago, for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

Plaintiff brought this action in the circuit court of Cook County, on behalf of his minor son, Christopher Cipolla, to recover for injuries sustained by the minor as a result of an altercation during a student disturbance at Bloom Trail High School. Defendant, Bloom Township High School District No. 206, moved to strike and dismiss the fourth amended complaint for failure to state a cause of action. Defendant's motion was granted and plaintiff appeals, contending in the alternative: (1) that plaintiff need only allege and prove ordinary negligence to recover from defendant, or (2) that the allegations of the complaint, if proven, would sustain a finding of willful and wanton misconduct.

We affirm the decision of the trial court.

On September 7, 1976, Christopher Cipolla was a student at Bloom Trail High School in Chicago Heights, Illinois. Christopher was attacked and beaten as he stood outside the counselor's office on the school premises.

The fourth amended complaint alleged that Christopher's injuries were the proximate result of defendant's failure to do the following acts:

"provide any supervision in hallway areas;

provide any guards whatsoever to protect students in and upon said hallways;

provide any rules or regulations governing the activities upon said school grounds and in said classrooms or in the alternative * * * enforce the rules;

come to the aid of a student being attacked."

The complaint characterized defendant's alleged failure to act as willful and wanton.

OPINION

I

The first issue arises from plaintiff's contention that allegations of ordinary negligence are sufficient to withstand a motion to dismiss in this case. Plaintiff concedes that school districts are generally held immune from liability for ordinary negligence towards students. This immunity arises from two identical provisions of the School Code which give educators *in loco parentis* status in their relationships with students. Ill. Rev. Stat. 1975, ch. 122, pars. 24—24 and 34—84a.

In the leading case of *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705, our supreme court likened the immunity conferred upon educators by the School Code to the status of

parent or guardian and held that the immunity extended to nondisciplinary as well as disciplinary matters. However, the court also acknowledged that the parties did not dispute the fact "that a parent is not liable for injuries to his child absent wilful and wanton misconduct." (63 Ill. 2d 165, 170, 347 N.E.2d 705, 708.) Therefore, it was unnecessary for the court to reach that issue.

It is the parental immunity aspect of *Kobylanski* which plaintiff looks to in an attempt to avoid the rule applied in that case. Plaintiff argues, as did the dissenting justices in *Kobylanski*, that the question of whether parental immunity bars an action based on negligence has never been directly decided by the supreme court. (See *Mroczynski v. McGrath* (1966), 34 Ill. 2d 451, 216 N.E.2d 137; *Nudd v. Matsoukas* (1956), 7 Ill. 2d 608, 131 N.E.2d 525.) Plaintiff suggests that within the context of this school liability case, we follow what he perceives is a trend towards limiting the doctrine of parental immunity. See, e.g., *Cummings v. Jackson* (1978), 57 Ill. App. 3d 68, 372 N.E.2d 1127.

Although the validity of the parental immunity doctrine was not reached by the majority in *Kobylanski*, it appears to be the cornerstone upon which the rule limiting educators' liability to acts of willful and wanton misconduct is based. This rule has been applied in numerous cases (see, e.g., *McCauley v. Chicago Board of Education* (1978), 66 Ill. App. 3d 676, 384 N.E.2d 100; *Poynter v. Kankakee School District No. 111* (1977), 55 Ill. App. 3d 46, 370 N.E.2d 667; *Merrill v. Catholic Bishop* (1972), 8 Ill. App. 3d 910, 290 N.E.2d 259; *Mancha v. Field Museum of Natural History* (1972), 5 Ill. App. 3d 699, 283 N.E.2d 899), and recently has been reaffirmed by the supreme court.

In *Tanari v. School Directors* (1977), 69 Ill. 2d 630, 373 N.E.2d 5, the supreme court reiterated that due to the immunity conferred by the School Code, an educator is not liable for injuries to a student absent willful and wanton misconduct. However, the court went on to hold that this immunity does not extend to suits based on ordinary negligence brought by a nonstudent spectator at a school sporting event. The crucial distinguishing factor in *Tanari* was the lack of *in loco parentis* status between the school and a nonstudent.

Later, in *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323, the supreme court held that *Kobylanski* did not apply when the school provides athletic equipment to a student. The court distinguished *Kobylanski* because the plaintiff in *Gerrity*,

> "* * * *did not allege negligence arising out of the teacher-student relationship in matters relating to the teacher's personal supervision and control of the conduct or physical movement of a student,* but instead alleged negligence in connection with what we consider to be the separate function of furnishing equipment which was

alleged to be inadequate, ill fitting and defective and which was known, or which in the exercise of ordinary care should have been known, to be liable to cause injury to the plaintiff. The public policy considerations in authorizing, and indeed encouraging, teachers to have broad discretion and latitude in the former situation quite clearly do not apply with as much force to the latter." (Emphasis added.) 71 Ill. 2d 47, 52, 373 N.E.2d 1323, 1326.

■■ These decisions establish that the rule announced by the supreme court in *Kobylanski* is viable and applies to actions arising out of the teacher-student relationship in matters relating to the teacher's personal supervision and control of the conduct or physical movement of a student. The facts of the instant case, as alleged in the amended complaint, fall squarely within this rule. Therefore, we conclude plaintiff must sufficiently allege and prove willful and wanton misconduct on the part of defendant to recover for the injuries sustained as a result of the beating.

## II

We must now consider plaintiff's contention that the allegations of the amended complaint are sufficient to support a finding of willful and wanton misconduct.

■■ In determining the legal sufficiency of a complaint for purposes of a motion to dismiss, all well pleaded facts are to be taken as true (*Kuch & Watson, Inc. v. Woodman* (1975), 29 Ill. App. 3d 638, 331 N.E.2d 350), and a reviewing court must determine whether the allegations of the complaint, when viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted (*J. J. Harrington & Co. v. Timmerman* (1977), 50 Ill. App. 3d 404, 365 N.E.2d 721.) Mere conclusions of law which are unsupported by the facts alleged, may be disregarded by the court in ruling on the motion to dismiss. *Pollack v. Marathon Oil Co.* (1976), 34 Ill. App. 3d 861, 341 N.E.2d 101.

■■ A cause of action should not be dismissed upon the pleadings unless it clearly appears that no set of facts can be proved under the pleadings which would entitle plaintiff to relief. (*Phillips Construction Co. v. Muscarello* (1976), 42 Ill. App. 3d 151, 355 N.E.2d 567.) Willful and wanton misconduct must be manifested by the facts alleged in the complaint—the characterization of certain acts as willful and wanton misconduct is insufficient to withstand a motion to dismiss (*Jarvis v. Herrin City Park District* (1972), 6 Ill. App. 3d 516, 285 N.E.2d 564). Willful and wanton misconduct has been defined as follows:

"A wilful and wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, *such as a failure, after*

*knowledge of impending danger*, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care." (Emphasis added.) *Schneiderman v. Interstate Transit Lines, Inc.* (1946), 394 Ill. 569, 583, 69 N.E.2d 293, 300; *Hocking v. Rehnquist* (1969), 44 Ill. 2d 196, 201, 254 N.E.2d 515, 518.

When measured against this standard, the allegations in plaintiff's complaint, stripped of their conclusory language, are insufficient to demonstrate willful and wanton misconduct by the defendant. In *Poynter v. Kankakee School District No. 111* (1977), 55 Ill. App. 3d 46, 370 N.E.2d 667, summary judgment was granted defendant when plaintiff failed to allege and prove willful and wanton misconduct. The complaint characterized defendant's alleged failure to properly supervise and maintain discipline in line of a riotous atmosphere as negligent and careless; however, the reviewing court, ignoring the conclusory nature of the language, found that the factual allegations were insufficient to state a cause of action for willful and wanton misconduct. The facts alleged in the case at bar are similar to the allegations in *Poynter*.

In *Clay v. Chicago Board of Education* (1974), 22 Ill. App. 3d 437, 318 N.E.2d 153, the trial court dismissed a complaint charging defendants knew or should have known of the violent propensities of a student who without provocation struck plaintiff. The reviewing court affirmed, holding that mere conclusory allegations of willful and wanton conduct were insufficient to state a cause of action. See also *Mancha v. Field Museum of Natural History* (1972), 5 Ill. App. 3d 699, 283 N.E.2d 899.

In the instant case, plaintiff argues that the allegations of the complaint sufficiently indicate that defendant knew of the impending danger of racial unrest at the school and failed to act. The fourth amended complaint makes no reference to a situation of racial unrest. Plaintiff's reliance on the allegations of the original complaint is misplaced, because the amended complaint now before us supersedes and cannot be aided by allegations in the prior pleading. *Pollack v. Marathon Oil Co.* (1976), 34 Ill. App. 3d 861, 341 N.E.2d 101.

We conclude that the facts alleged in the amended complaint are insufficient to state a cause of action for willful and wanton misconduct and, consequently, the trial court did not err in dismissing plaintiff's complaint. For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

JOHNSON and ROMITI, JJ., concur.