TRUDY LEE HAYNA, Plaintiff-Appellant and Cross-Appellee, *v.* ARBY'S, INC., *et al.*, Defendants-Appellees and Cross-Appellants.

First District (5th Division)    No. 80-864

Opinion filed August 21, 1981.

McCarthy, Duffy, Neidhart & Snakard, of Chicago (Stephen A. Snakard, of counsel), for appellant.

Kirkland & Ellis, of Chicago (James H. Wallace, Jr., Thomas W. Queen, and Lawrence E. Strickling, of counsel), for appellees.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff, Trudy Lee Hayna, filed an amended complaint in two counts on behalf of herself and all persons similarly situated who purchased Arby's roast beef sandwiches within the three years preceding. She alleged misrepresentation in the advertising, promotion and sale of the sandwiches. Count I claimed damages pursuant to the Consumer Fraud and Deceptive Business Practice Act (Consumer Fraud Act) (Ill. Rev. Stat. 1977, ch. 121½, par. 261 *et seq.*). Count II claimed damages and injunctive relief pursuant to the Uniform Deceptive Trade Practices Act (Deceptive Practices Act) (Ill. Rev. Stat. 1977, ch. 121½, par. 311 *et seq.*). Defendants moved to dismiss the amended complaint and plaintiff moved for certification of the class (Ill. Rev. Stat. 1977, ch. 110, par. 57.2). The trial court entered an order: (1) denying the motion to dismiss plaintiff's individual claim under count I; (2) dismissing plaintiff's claims under count II; (3) dismissing plaintiff's class action allegations with finding that a class action is not an appropriate method for adjudication of this controversy. Plaintiff appeals from the portions of the order granting dismissals. Defendants cross-appeal from the portion denying dismissal of the individual claim under count I and also the finding of predominant questions of fact or law common to the purported class. Defendants' motion to dismiss the appeal for lack of jurisdiction was taken with the case.

The issues presented for review are: (1) whether the appeal should be dismissed for lack of appellate jurisdiction; (2) whether a class action is an appropriate method for the fair and efficient adjudication of the controversy; (3) whether the trial court abused its discretion in finding that common questions of law or fact predominate over questions affecting only individual rights; (4) whether the trial court erred in failing to dismiss plaintiff's individual claim under the Consumer Fraud Act; and (5) whether plaintiff states a valid cause of action under the Deceptive Practices Act.

The amended complaint contains the following pertinent allegations:

*Count I:* The term "roast beef" has acquired a universally recognized standard of identity through custom and usage and is commonly acknowledged and understood to mean a single piece of meat cooked by dry heat. Defendants knew that the term "roast beef" has such a common and accepted meaning and therefore incorporated said term in its product

name so as to induce consumers to believe that the meat in their sandwiches is sliced from a single piece of meat cooked by dry heat. Defendants have through extensive advertising misrepresented to the general public and plaintiff's class that "Arby's roast beef sandwiches" are in fact roast beef as the term is commonly understood. Plaintiffs, as consumers, have purchased these sandwiches believing that they contained roast beef as advertised by defendants. Between May and August of 1978, plaintiff requested, bargained for and purchased an "Arby's roast beef sandwich" believing that she had received a sandwich which was in fact roast beef. Subsequently, plaintiff discovered that defendants' advertisements and representations were false and that defendants' sandwiches were not roast beef but, in fact, a composition of beef chunks formed with a chopped beef binder and a solution of water, salt and chemicals to simulate roast beef. Defendants' use of a simulated roast beef substance constitutes a deliberate misrepresentation of material fact in violation of the Consumer Fraud Act. Plaintiff further alleges that the simulated roast beef is inferior in quality and is less expensive and desirable than roast beef. She asserts that if she and members of her purported class had known the material facts regarding the composition of defendants' sandwiches, they would not have purchased said sandwiches or would have required reduced prices.

She further alleges that defendants maintain records on all products which they sell throughout the State of Illinois and that said records are exclusively in defendants' possession and control and that information regarding the sale of defendants' products is easily and readily obtainable. Finally, plaintiff asserts that she and members of her purported class are entitled to recover the difference between the actual value of the simulated roast beef substitute and the value of the sandwiches had they in fact been roast beef, together with interest. Plaintiff prayed that the cause be certified as a class action, that a declaratory judgment be entered to the effect that defendants' advertising practices violated the Consumer Fraud Act, that defendants be required to account and compensate all members of plaintiff's class for the difference between the actual value of the total number of sandwiches sold by defendants and the value of said sandwiches had they in fact contained roast beef, that a receiver be appointed to collect and administer the damages awarded, and for such other and further relief as the court deems just and appropriate.

*Count II*: Plaintiff alleges, in addition to the foregoing, that defendants, through their advertising and promotional efforts, continue to intentionally and purposefully mislead members of plaintiff's class by misrepresenting that their sandwiches are roast beef in violation of the Deceptive Practices Act. That unless defendants' practices are enjoined, uninformed members of plaintiff's class will continue to purchase "Arby's

roast beef sandwiches." Furthermore, unless defendants are enjoined, informed members of plaintiff's class who are aware of the pending litigation may continue or resume purchases of said sandwiches on the mistaken assumption that the pending proceedings have caused defendants to cease using the simulated roast beef substitute in their sandwiches. Plaintiff incorporates the relief requested in count I and also seeks injunctive relief to enjoin defendants from continuing their deceptive advertising and promotional practices.

Defendants moved to dismiss the amended complaint pursuant to sections 45 and 48(1)(i) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, pars. 45 and 48(1)(i)). Defendants alleged that the class allegations in the amended complaint failed to satisfy the statutory prerequisites of a class action, that plaintiff's individual allegations failed to state a claim upon which relief may be granted under either the Consumer Fraud Act or the Deceptive Practices Act and that even if plaintiff were entitled to recover damages, they would be *de minimus.* Plaintiff responded to defendants' motion and submitted a supporting memorandum to which defendants replied. Plaintiff moved for class certification. After a hearing, the order here on appeal was entered.

OPINION

I

The first issue to be determined is whether this appeal has been properly taken so as to invoke our jurisdiction. *Camp v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 1107, 403 N.E.2d 704.

Defendants here by motion and in their briefs contend that the trial court's order dismissing plaintiff's class action allegations is an interlocutory and not a final order and therefore is not appealable. Defendants also argue that the court's dismissal of count II of plaintiff's amended complaint is not final because it merely dismissed one of multiple counts stating a single claim in several ways. Plaintiff maintains that the order dismissing her class action allegations is final, since it amounted to a final determination that the action could not be maintained as a class action. Plaintiff also argues that counts I and II of her amended complaint are predicated upon violations of two separate and distinct statutes and that, therefore, the dismissal of count II is final and appealable.

■■ As the order in the instant case dismissed plantiff's claims under the Deceptive Practices Act and her class action allegations but permitted her to proceed individually under the Consumer Fraud Act, she seeks review of this order pursuant to Supreme Court Rule 304(a):

"(a) If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the

trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. * * *." (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a).)

However, it should be noted that the mere inclusion of the special finding required by Rule 304 in a trial court's order cannot confer appellate jurisdiction where the order is not in fact final. (*Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.* (1976), 63 Ill. 2d 61, 344 N.E.2d 461; *Prado v. Evanston Hospital* (1979), 72 Ill. App. 3d 622, 390 N.E.2d 1270.) An order is final if it either terminates the litigation between the parties on the merits or disposes of the rights of the parties in regard to the entire controversy or some definite part thereof. (*Jursich v. Arlington Heights Federal Savings & Loan Association* (1980), 83 Ill. App. 3d 352, 403 N.E.2d 1260; *Oak Brook Bank v. Citation Cycle Co.* (1977), 45 Ill. App. 3d 1053, 360 N.E.2d 458.) Only an order which terminates the litigation on the merits so that, if affirmed, the trial court has only to proceed with execution is a final order. (*Johnson v. Northwestern Memorial Hospital* (1979), 74 Ill. App. 3d 695, 393 N.E.2d 712.) An order which leaves a cause still pending and undecided is not a final order. (*Johnson v. Northwestern Memorial Hospital*; *Oak Brook Bank v. Citation Cycle Co.*) Yet, whether a judgment is final depends somewhat on the purpose for which and the standpoint for which it is considered, since it may be final for one purpose and not for another. (*Brauer Machine & Supply Co. v. Parkhill Truck Co.* (1943), 383 Ill. 569, 50 N.E.2d 836.) Finally, the appealability of an order is determined by the substance as opposed to the form of the order. *Johnson v. Northwestern Memorial Hospital.*

Defendants rely principally upon *Petruchius v. Don Roth Restaurants, Inc.* (1979), 79 Ill. App. 3d 1071, 398 N.E.2d 1228, to establish that the dismissal of class allegations does not meet the requisite standard of finality. *Petruchius*, however, is distinguishable. That case involved the question of whether an order denying class certification was a final and appealable order. That court, noting that the trial court did not make any findings as to the common questions of law or fact substantially at issue in the action nor use any language that could be fairly construed as a compromise or dismissal of the cause as to the named plaintiffs, held that the order was no more or less than a denial of a motion to certify the proposed class—a ruling which under section 57.3(a) of the Civil Practice Act is subject to amendment prior to a decision on the merits. *Petruchius* further noted the availability of an interlocutory appeal pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1979, ch. 110A, par. 308) to resolve any issue relative to the maintenance or composition of a class at an early

stage of the proceedings. See also *Frank v. Teachers Insurance & Annuity Association of America* (1978), 71 Ill. 2d 583, 376 N.E.2d 1377.

Unlike *Petruchius*, the trial court did not merely deny plaintiff class certification but rather dismissed her entire class action allegations. Additionally, the trial court in the instant case did make explicit findings concerning the propriety of maintaining a class action pursuant to section 57.2 of the Civil Practice Act. Ill. Rev. Stat. 1977, ch. 110, par. 57.2.

While research fails to reveal any Illinois decision which discusses the distinction between a court's denial of class certification and its dismissal of class allegations, an examination of the ramification of the latter order demonstrates its finality. First, the denial of class certification merely holds the ultimate determination of class action status in abeyance until the evidence adduced at trial on the merits conclusively establishes the propriety or impropriety of class certification. (See generally *Petruchius v. Don Roth Restaurants, Inc.* (1979), 79 Ill. App. 3d 1071, 398 N.E.2d 1228; Ill. Rev. Stat. 1977, ch. 110, par. 57.3.) On the other hand, numerous other jurisdictions have concluded that the practical effect of an order dismissing class allegations is to dismiss the action as to all members of the class other than plaintiff. It has been considered a final and appealable order because it denies the class the right to maintain the action and thus forecloses judgment for or against the class.

In 1975, the Pennsylvania Supreme Court held that an order dismissing the class aspect of a suit thereby putting the class members out of court is a final and appealable order. It reasoned that even though the plaintiff could, in theory, individually pursue the action further and the ousted class members could bring separate individual actions against the defendant, these alternatives do not alter the conclusion that the trial court's order put the ousted class members out of court for the purposes of the particular action. *Bell v. Beneficial Consumer Discount Co.* (1975), 465 Pa. 225, 348 A.2d 734; see also *Lee v. Child Care Service Delaware County Institution District* (1975), 461 Pa. 641, 337 A.2d 586.

In *Daar v. Yellow Cab Co.* (1967), 67 Cal. 2d 695, 433 P.2d 732, 63 Cal. Rptr. 724, the California Supreme Court came to a similar conclusion. There the trial court sustained defendant's demurrer to the plaintiff's complaint, determined that plaintiff could neither maintain a class action nor state a cause of action in excess of $5000 and transferred the matter to the municipal court. On appeal, that court observed the rule that an order of dismissal is to be treated as a judgment for the purposes of taking an appeal when it finally disposes of the particular action and prevents further proceedings as effectively as would any judgment and held that the trial court's order was tantamount to the dismissal of the action as to all members of the class other than the plaintiff. Finally, it noted that if the

propriety of the court's order could not be presently reviewed, it could never be.

■■ Finally, in 1974, the Ohio Supreme Court, relying on *Daar v. Yellow Cab Co.*, held that an order striking class allegations clearly affects a substantial right of the class which in effect determines the action by denying the class the right to maintain the action and by preventing a judgment either adverse or favorable to the class. (*Roemisch v. Mutual of Omaha Insurance Co.* (1974), 39 Ohio St. 2d 119, 314 N.E.2d 386; see also *Miles v. N. J. Motors* (1972), 32 Ohio App. 2d 350, 291 N.E.2d 758.) Here, the order appealed from dismissed and brought to an end the class action proceeding. The class members, other than plaintiff, were thereby put out of court and the action is discontinued as to them. The only action remaining before the court was the claim of plaintiff, individually but not as a class. Accordingly, we find that the trial court's order dismissing plaintiff's class action allegations is a final order as to one or more but fewer than all of the claims and is appealable pursuant to Supreme Court Rule 304(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a)).

Defendants also argue that the trial court's order dismissing plaintiff's Deceptive Practices Act count was not a final and appealable order in that plaintiff's amended complaint states the same claim seeking similar relief under alternative counts, only one of which was dismissed. Plaintiff maintains that each count is based on a separate and distinct statute and that the dismissed count seeks the additional relief not sought in the first count—namely, an order enjoining defendants from continuing their deceptive advertising and promotional practices.

Defendants' reliance on *Prado v. Evanston Hospital* (1979), 72 Ill. App. 3d 622, 390 N.E.2d 1270, is misplaced. In that case plaintiff filed a six-count amended complaint. Counts I and II alleged specific acts of negligence against the defendant doctor and hospital while counts III and IV alleged a cause of action under the doctrine of *res ipsa loquitur* against the same defendants. Plaintiff appealed the trial court's dismissal of counts III and IV. On appeal, this court found that the first four counts were predicated on the same theory or basis of recovery—namely, negligence, and that *res ispa loquitur* was a rule of evidence and not a theory of recovery. Accordingly, this court found that since recovery under the four counts was based on negligence, the dismissal of the *res ipsa loquitur* counts did not determine the merits of a separate cause of action or terminate the litigation. Consequently, the appeal was dismissed. In the instant case plaintiff's claims are based on two separate and distinct statutes. Additionally, all the relief requested in count II is not included in her prayer for relief relative to count I. Count II further requests that defendants be enjoined from continuing their deceptive

advertising and promotional practices. Consequently, even if plaintiff prevails on count I, she would not be afforded the entire remedy sought under count II.

■■ The present situation is analogous to *Cunningham v. Brown* (1961), 22 Ill. 2d 23, 174 N.E.2d 153. There, a three-count complaint was filed. Count I alleged a claim for damages pursuant to section 14 of article VI of the Liquor Control Act. Count II alleged a separate cause of action based on section 12 of the same act, and count III alleged a cause of action on the basis of common law negligence. Plaintiff appealed the dismissal of counts II and III. On appeal, a motion to dismiss the appeal on the grounds that the complaint did not involve multiple claims but only a single claim stated in various ways was denied. The court there stated that when determining whether multiple counts allege multiple claims, it is immaterial that recovery under one count would bar an additional recovery under the other. Accordingly, it held that although all three counts arose from the same transaction or occurrence, the basis of recovery in counts II and III differed from that of count I and that therefore the appeal was proper. (See also *Rone v. Boncar Construction Co.* (1976), 45 Ill. App. 3d 1, 358 N.E.2d 1315; *Weber v. Northern Illinois Gas Co.* (1973), 10 Ill. App. 3d 625, 295 N.E.2d 41.) In light of the fact that recovery under counts I and II of plaintiff's amended complaint is predicated upon two separate and distinct statutes and because the relief requested under count II differs from that of count I, we find the trial court's order dismissing count II to be a final order and appealable pursuant to Rule 304. (Ill. Rev. Stat. 1977, ch. 110A, par. 304.) We therefore proceed to the issues raised in this appeal.

## II

Plaintiff initially contends that the court abused its discretion in granting defendants' motion to dismiss. Defendants maintain that the trial court did not abuse its discretion in finding that a class action was not an appropriate method for the fair and efficient adjudication of the present controversy.

At trial, defendants filed a motion, together with supporting memorandum, to dismiss plaintiff's amended complaint pursuant to sections 45 and 48(1)(i) of the Civil Practice Act. (Ill. Rev. Stat. 1977, ch. 110, pars. 45 and 48(1)(i).) In their motions defendants maintained that: (1) there were no questions of law or fact common to the class; (2) plaintiff was particularly unsuited to fairly and adequately protect the interests of the purported class; (3) the class was not an appropriate method for the fair and efficient adjudication of the controversy; and (4) the class allegations must be dismissed when the individual allegations underlying the purported class representative's claim are dismissed. Defendants further

maintained that plaintiff's individual allegations must be dismissed because: (1) plaintiff has failed to state a claim upon which relief may be granted under either the Consumer Fraud Act or the Deceptive Practices Act; and (2) even if plaintiff were entitled to recover any damages, they would be *de minimus*. Plaintiff filed a memorandum in opposition to defendants' motion and also a motion for class certification. After a hearing on the matter, an order was entered: (1) denying defendants' motion to dismiss plaintiff's individual claim under the Consumer Fraud Act; (2) granting defendants' motion to dismiss plaintiff's claim under the Deceptive Practices Act; and (3) granting defendants' motion to dismiss plaintiff's class action allegations. The order further provided that plaintiff failed to satisfy the prerequisites for the maintenance of a class action because the class action was not an appropriate method for the fair and efficient adjudication of the controversy. This order was based on the following findings of the court: (1) that there are questions of fact or law common to the class and that common questions predominate over questions affecting only individual members; (2) that the class representative would adequately protect the interest of the class; (3) that the action is not an appropriate method for the fair and efficient adjudication of this controversy because, (a) the cost of administering the class action would be prohibitive and would consume plaintiff's suggested *de minimus* recovery of 30 cents per sandwich, (b) identification of class members would be virtually impossible in that no records exist which can be relied upon to provide such identification, (c) computation of damages would present unsurmountable difficulties, and (d) the size of the class is likely to be enormous, thereby adding to the unmanageability of the class.

While the order does provide that it was granting defendants' motion to dismiss plaintiff's class action allegations, a review of the entire order in light of the record demonstrates that the trial court considered defendants' motion to dismiss plaintiff's class allegations and the propriety of granting class certification simultaneously. It will be necessary to consider these questions separately.

### (a)

A motion to dismiss admits all facts well pleaded and the reasonable inferences which may be drawn therefrom are taken as true for the purposes of the motion. (*Horwath v. Parker* (1979), 72 Ill. App. 3d 128, 390 N.E.2d 72; *Giers v. Anten* (1978), 68 Ill. App. 3d 535, 386 N.E.2d 82.) A reviewing court should interpret the facts alleged in the complaint in the light most favorable to the plaintiff. (*Farns Associates Inc. v. Sternback* (1979), 77 Ill. App. 3d 249, 395 N.E.2d 1103; *Cipolla v. Bloom Township High School* (1979), 69 Ill. App. 3d 434, 388 N.E.2d 31.) Additionally, the complaint should not be dismissed unless the pleadings

disclose that no set of facts could be proved that will entitle the plaintiff to relief. (*Patton v. T.O.F.C., Inc.* (1979), 79 Ill. App. 3d 94, 398 N.E.2d 313.) In sum, the pleadings are to be liberally construed with the view of doing substantial justice between the parties. Ill. Rev. Stat. 1977, ch. 110, par. 33(3).

In the instant case defendant filed a motion to dismiss pursuant to sections 45 and 48(1)(i). The major distinction between these two sections is that section 48(1)(i) allows for the dismissal of the action based on the assertion of affirmative matters which do not appear on the face of the complaint. (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(i).) The alleged affirmative matter asserted to defeat the claim or demand must be something more than evidence offered to refute a well-pleaded fact in the complaint, for such well-pleaded facts must be taken as true for purposes of a motion to dismiss. (*Austin View Civic Association v. City of Palos Heights* (1980), 85 Ill. App. 3d 89, 405 N.E.2d 1256.) As such, testimony taken by discovery deposition cannot be used in determining the sufficiency of the complaint. (*Brooks v. Midas-International Corp.* (1977), 47 Ill. App. 3d 266, 361 N.E.2d 815.) To defeat the claim or demand under section 48(1)(i) the alleged affirmative matter must negate the cause of action completely or refute a crucial conclusion of law or conclusions of material facts contained in or inferred from the complaint. See *John v. Tribune Co.* (1962), 24 Ill. 2d 437, 181 N.E.2d 105.

In order to maintain a class action, the court must find the following prerequisites: (1) the class is so numerous that joinder of all members would be impracticable; (2) there are questions of fact or law common to the class which predominate over any questions affecting only individual members; (3) the representative party will fairly and adequately protect the interests of the class; and (4) a class action is an appropriate method for the fair and efficient adjudication of the controversy. Ill. Rev. Stat. 1977, ch. 110, par. 57.2; *Saldana v. American Mutual Corp.* (1981), 97 Ill. App. 3d 334, 422 N.E.2d 860.

A review of plaintiff's amended complaint establishes that the trial court correctly found that plaintiff had sufficiently alleged the first three prerequisites. First, plaintiff alleged that within the three years immediately preceding, defendants sold millions of "Arby's roast beef sandwiches" to thousands of members of plaintiff's class, that joinder would be impractical, and that it would be manifestly unfair to require each class member to bring or defend separate suits. Secondly, plaintiff limits her class to residents of this State who have patronized and purchased sandwiches at Arby's Roast Beef Restaurants located in this State, within a specified time period. As such, the complaint readily informed defendants of the potential class members. It is not necessary that the class representative name the specific individuals who are possibly members of

the class. (*Saldana v. American Mutual Corp.*; see also *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 371 N.E.2d 634.) Third, plaintiff's complaint must be considered as complaining of defendants' advertising practices which are uniform and general in their application to class members. Accordingly, the common question which predominates over other questions affecting only individual members is whether defendants' advertising practices violate the provisions of either the Consumer Fraud Act or the Deceptive Practices Act. (Compare *Brooks v. Midas-International Corp.* (1977), 47 Ill. App. 3d 266, 361 N.E.2d 815.) The fact that class members' claims for damages may be in varying amounts which have to be determined separately does not necessarily mean that the common questions do not predominate. (*Saldana v. American Mutual Corp.*; *Fiorito v. Jones* (1968), 39 Ill. 2d 531, 236 N.E.2d 698.) In this respect plaintiff's interest is the same as that of other class members. Furthermore, it does not appear that collusion was involved in bringing this action, or that this is a friendly suit. *Saldana v. American Mutual Corp.*; *Steinberg v. Chicago Medical School.*

■■ With regard to the fourth prerequisite, an allegation that a class action would be a fair and efficient method of disposing of the predominating issue because it would avoid a multiplicity of suits and possible inconsistent results has recently been held to be sufficient. (See *Saldana v. American Mutual Corp.*) In the instant case plaintiff alleges that thousands of class members purchased millions of sandwiches within the three years immediately preceding this suit, that it would be manifestly unfair to require each class member to bring or defend a separate suit. Taken as true, the reasonable inference to be drawn from these allegations is that a class action suit would be a fair and efficient method of disposing of the predominating issue. The granting of class-action certification in the instant case may also avoid a multiplicity of suits and possible inconsistent results. As such, we find that plaintiff's complaint alleges sufficient facts to support a class action claim. Accordingly, the trial court erred in granting defendants' motion to dismiss plaintiff's class-action allegations.

(b)

Turning to a consideration of the trial court's denial of class certification, it should be noted that the determination of whether the requisites for class certification have been met rests within the discretion of the trial court. (*Schlessinger v. Olsen* (1980), 89 Ill. App. 3d 583, 411 N.E.2d 1239; see also *McCabe v. Burgess* (1979), 75 Ill. 2d 457, 389 N.E.2d 565.) Only upon a clear abuse of that discretion will the trial court's determination be disturbed on review. *McCabe v. Burgess.*

Section 57.3(a) of the Civil Practice Act directs:

"Determination of Class. As soon as practicable after the com-

mencement of an action brought as a class action, the court shall determine by order whether it may be so maintained and describe those whom the court finds to be members of the class. This order may be conditional and may be amended before a decision on the merits." (Ill. Rev. Stat. 1977, ch. 110, par. 57.3(a); *Schlessinger v. Olsen.*)

Consistent with this section, the trial court considered the propriety of class certification prior to a trial on the merits. In declining to certify the class, the court recognized that plaintiff had a great majority of points in her favor and admitted that the case involved a close question. Nevertheless the trial court found a wealth of variables that conspired to render the present case unmanageable as a class action.

First, the size of the class was apt to be enormous even restricted to Illinois residents. Second, identification of the class was virtually impossible since there are no records upon which to rely. Third, the cost of administration is likely to be prohibitive when viewed against the basic suggested recovery of 30 cents per sandwich. Fourth, the variability of damages weighs against a class action in that defendants' franchises are located in different parts of the State and pay different amounts for their meat. The court further considered that even if a formula could be utilized to determine damages, the time-consuming nature and complications of these proofs seem insurmountable. There are no index, documents or other objective parameters for the damages so that each individual consumer would have to establish how many sandwiches he purchased and at what price. Finally, the trial court concluded that a class action would not be an appropriate method for the fair and efficient adjudication of this controversy because: (1) it would leave an open-ended, unidentifiable class; (2) administrative costs would consume *de minimus* recoveries; and (3) verification of claims defies proof and objective corroboration.

It has been generally recognized that the inherent advantages of class action suits are to vindicate the rights of numerous claimants in one action where the individual claims might be impractical. (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 371 N.E.2d 634; *Brooks v. Midas-International Corp.* (1977), 47 Ill. App. 3d 266, 361 N.E.2d 815.) Consequently, it should be anticipated that many class actions will be complex in nature and involve a substantial number of claims. (*Adams v. Jewel Companies, Inc.* (1976), 63 Ill. 2d 336, 348 N.E.2d 161; see also *Fiorito v. Jones* (1971), 48 Ill. 2d 566, 272 N.E.2d 41.) Nevertheless, insubstantial recoveries by class members, high administrative costs in relation to aggregate recovery and difficulty in corroborating claims are valid considerations in determining whether a class action is manageable. (*Adams v. Jewel Companies, Inc.*) Additionally, price differences and

fluctuations may render a class suit inappropriate where computation of damages is thereby rendered insurmountable. (See *Reardon v. Ford Motor Co.* (1972), 7 Ill. App. 3d 338, 287 N.E.2d 519.) Yet, mere differences in the elements of proof between members of the class do not necessitate dismissal of the class suit. *Steinberg v. Chicago Medical School.*

In any event, section 57.3 demonstrates that an overbroad initial determination or denial of a class certification would not impair the viability of the class action (*Schlessinger v. Olsen* (1980), 89 Ill. App. 3d 583, 411 N.E.2d 1239) since such determinations are subject to amendment prior to a decision on the merits. (Ill. Rev. Stat. 1977, ch. 110, par. 57.3; *Petruchius v. Don Roth Restaurants, Inc.* (1979), 79 Ill. App. 3d 1071, 398 N.E.2d 1228.) As such, a trial court's determination, before judgment on the merits that a suit may not proceed as a class action is not immediately reviewable pursuant to Supreme Court Rule 304. Ill. Rev. Stat. 1977, ch. 110A, par. 304; *Petruchius v. Don Roth Restaurants, Inc.*

The instant case has not been heard on the merits, and we indicate no opinion thereon. (See *Frank v. Teachers Insurance & Annuity Association* (1978), 71 Ill. 2d 583, 376 N.E.2d 1377.) It may very well be that as the case proceeds to trial on the merits, that evidence will be adduced to alleviate the difficulties perceived in the identification of class members, the computation of damages as well as the administration of those damages. In such a case the trial court would be at liberty to modify its initial determination that a class action suit would not be an appropriate method for the fair and efficient adjudication of the controversy. Ill. Rev. Stat. 1977, ch. 110A, par. 57.3; *Frank v. Teachers Insurance & Annuity Association of America*; *Petruchius v. Don Roth Restaurants, Inc.*

■■ While we consider the factors considered by the trial court to be appropriate relative to class certification, the determination here was made as soon as practicable after commencement of the action but before a decision on the merits and is therefore subject to amendment. (Ill. Rev. Stat. 1977, ch. 110, par. 57.3(a).) As such, the order is not final and therefore is not appealable under Supreme Court Rule 304. Therefore, we do not at this time consider whether or not the denial of class certification was an abuse of discretion. *Petruchius v. Don Roth Restaurants, Inc.*

### III

On cross-appeal defendants contend that the trial court abused its discretion in finding that questions of fact or law common to the purported class predominated over questions affecting only individual members. As previously discussed, a court's determination as to whether a suit may be maintained as a class action, absent a final judgment on the merits, is not a final order and is therefore not appealable pursuant to

Supreme Court Rule 304(a). (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a); *Petruchius v. Don Roth Restaurants, Inc.*) Consequently, we do not consider the merits of this contention.

## IV

■■ Defendants next contend on cross-appeal that the trial court abused its discretion in failing to dismiss plaintiff's individual claim under the Consumer Fraud Act. (Ill. Rev. Stat. 1977, ch. 121½, par. 261.) However, the denial of a motion to dismiss is not a final and appealable order but rather an interlocutory order which is not a final disposition of the proceeding sufficient to confer jurisdiction upon the appellate court. (*Rosinia v. Gusmano* (1980), 90 Ill. App. 3d 882, 414 N.E.2d 21; *Cahokia Sportservice, Inc. v. Illinois Liquor Control Com.* (1975), 32 Ill. App. 3d 801, 336 N.E.2d 276.) Accordingly, the propriety of the court's denial of defendants' motion to dismiss plaintiff's individual cause of action pursuant to the Consumer Fraud Act is not properly before this court.

## V

Finally, plaintiff contends that the trial court erred in dismissing her claim under the Deceptive Practices Act and maintains that her complaint sufficiently alleges that she and members of her class are "likely to be damaged" further by defendants' deceptive advertising. Defendants argue that plaintiff is well aware of the content and nature of "Arby's roast beef sandwiches" and is not likely to be damaged by practices she seeks to enjoin. Therefore, defendants submit that plaintiff does not have standing to bring a suit under this statute.

Section 2 of the Deceptive Practices Act provides in pertinent part:

"A person engages in a deceptive trade practice when, in the course of his business, vocation or occupation, he:

❋ ❋ ❋

(2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

❋ ❋ ❋

(5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have;

❋ ❋ ❋

(7) represents that goods or services are a particular standard, quality or grade or that goods are a particular style or model, if they are of another;

❋ ❋ ❋

(9) advertises goods or services with intent not to sell them as advertised;

\* \* \*

(12) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

In order to prevail in an action under this Act, a plaintiff need not prove competition between the parties or actual confusion or misunderstanding.

This Section does not affect unfair trade practices otherwise actionable at common law or under other statutes of this State." (Ill. Rev. Stat. 1977, ch. 121½, par. 312.)

The sole remedy under this act is set forth in section 3 which provides:

"A person likely to be damaged by a deceptive trade practice of another may be granted an injunction upon terms that the court considers reasonable. Proof of monetary damage, loss of profits or intent to deceive is not required. Relief granted for the copying of an article shall be limited to the prevention of confusion or misunderstanding as to source.

Costs or attorneys' fees or both may be assessed against a defendant only if the court finds that he has wilfully engaged in a deceptive trade practice.

The relief provided in this Section is in addition to remedies otherwise available against the same conduct under the common law or other statutes of this State." Ill. Rev. Stat. 1977, ch. 121½, par. 313.

Although the Deceptive Practices Act was intended to protect businessmen and provide them with a remedy for unethical competitive conduct, its provisions have also been found applicable to cases where a consumer brings suit. (*Brooks v. Midas-International Corp.* (1977), 47 Ill. App. 3d 266, 361 N.E.2d 815; see also *Garland v. Mobil Oil Corp.* (N.D. Ill. 1972), 340 F. Supp. 1095.) However, the problem inherent in consumer actions is the inability to allege facts which would indicate that plaintiff is "likely to be damaged." Ordinarily, the harm has already occurred, thereby precluding injunctive relief. *Brooks v. Midas-International Corp*

Plaintiff in her complaint alleges that:

"20. Defendants, through their advertising and promotional efforts, continue to intentionally and purposefully mislead members of the plaintiff's class by misrepresenting the material fact that 'Arby's roast beef sandwiches' are roast beef, thereby profiting at the expense of plaintiffs and the consuming public, in violation of subsections (2), (5), (7), (9) and (12) of Section 2 of the Uniform Deceptive Trade Practices Act. That unless defendants' deceptive advertising and promotional activities are enjoined, uninformed

members of the plaintiff class will continue to purchase 'Arby's roast beef sandwiches' resulting in increased damages to the plaintiff class and further profit for defendants. Furthermore, unless defendants are so enjoined, informed members of the plaintiff class who are aware of the pending litigation, may continue or resume purchases of 'Arby's roast beef sandwiches' because of said persistent advertising and on the mistaken assumption that pending Court proceedings had influenced defendants to cease using the simulated roast beef substitute in said sandwiches."

While plaintiff does allege that informed members of her class may resume purchasing defendants' sandwiches on the mistaken assumption that the pending litigation has influenced defendants to cease using the simulated roast beef substitute, she does not and cannot credibly contend that defendants' advertising practices would likely mislead her into resuming the purchase of defendants' sandwiches on the mistaken assumption that defendants have ceased using the simulated roast beef substitute.

As such, the present situation is analogous to *Brooks v. Midas-International Corp.* (1977), 47 Ill. App. 3d 266, 361 N.E.2d 815. There, the plaintiff brought an action against defendant for allegedly deceptive replacement guarantees. Although plaintiff had already completed his purchase, he sought, pursuant to the Deceptive Practices Act, to enjoin defendant from advertising its mufflers in a deceptive manner. That court noted that whatever harm plaintiff may have suffered from the advertisement had already occurred and that therefore he was not likely to be damaged. Accordingly, that court held that since the plaintiff could not succeed in obtaining injunctive relief in his individual action the injunctive relief sought by him in his representative capacity on behalf of all class members is likewise unavailable. See also *Landesman v. General Motors Corp.* (1978), 72 Ill. 2d 44, 377 N.E.2d 813.

■■ Accordingly, we find that since defendants' practices are not likely to damage plaintiff, the trial court did not err in dismissing plaintiff's deceptive practices count.

## VI

For the reasons stated, defendants' cross-appeal is dismissed; defendants' motion to dismiss plaintiff's appeal for lack of jurisdiction is denied; the portion of the trial court's order dismissing plaintiff's class action allegations as to count I is reversed; and that portion of the court's order dismissing plaintiff's Deceptive Practices Act count II is affirmed; and the cause is remanded for further proceedings.

Motion denied; cross-appeal dismissed; orders affirmed in part, reversed in part and remanded.

SULLIVAN, P. J., and WILSON, J., concur.