MERLE KIRSNER *et al.*, Plaintiffs-Appellees, *v.* JOHNSON & JOHNSON PRODUCTS, INC., *et al.*, Defendants-Appellants.

First District (5th Division) No. 82—2725

Opinion filed October 14, 1983.

Reuben & Proctor, of Chicago (Don H. Reuben, Daniel A. Edelman, William J. Campbell, Jr., and Mark S. Sableman, of counsel), for appellants.

Robert A. Holstein, Ltd., and Katz, Friedman, Schur & Eagle, both of Chicago, for appellees.

JUSTICE MEJDA delivered the opinion of the court:

Defendants, Johnson & Johnson Products, Inc., and McNeil Consumer Products, Company, a division of Johnson & Johnson Products, Inc. (hereinafter both defendants referred to as "Johnson & Johnson"), appeal from that portion of the trial court's order of October 15, 1982, which granted plaintiffs' motion for a preliminary injunction relating to Johnson & Johnson's announcements and advertisements. For the reasons which follow, that portion of the order is reversed.

This action was brought by the named plaintiffs as a class action to recover the purchase price of packages of "Extra-Strength Tylenol" (Tylenol), a Johnson & Johnson pain-reliever product, on behalf of "all those persons other than named plaintiffs who are similarly situated to the named plaintiffs in that they either surrender [*sic*] their

Tylenol products to a local authority or disposed of the product so as to avoid its consumption." The amended complaint was filed after a series of deaths in the Chicago area was allegedly connected to the ingestion of Tylenol and after withdrawal by Johnson & Johnson of the product from the market. Prior to a hearing on the merits of the complaint, the trial court granted plaintiffs' motion for a preliminary injunction and other relief. The order in pertinent part directed Johnson & Johnson "if they make any announcement or advertisement relating to any exchange that they also make equal reference to, and opportunity for, the availability of a cash refund." Johnson & Johnson now appeals from the quoted portion of the order.

OPINION

The only issue presented for review is whether the trial court erred in granting a preliminary injunction ordering Johnson & Johnson to make equal reference to the availability of a cash refund in its announcement or advertising of any exchanges. Although Johnson & Johnson has advanced several arguments to support its position that the trial court erred, we find one dispositive of the appeal, obviating the need for a discussion of the other arguments.

Johnson & Johnson asserts that the allegations of the complaint do not satisfy the requirements for the issuance of a preliminary injunction. "In order for a preliminary injunction to properly issue, the petitioner must establish a likelihood of ultimate success on the merits of the case [citation], and that there is a need to preserve the status quo to prevent an irreparable injury for which there is no adequate remedy at law." (*Bonner v. Westbound Records, Inc.* (1977), 49 Ill. App. 3d 543, 546-47, 364 N.E.2d 570.) The standard of review is whether the trial court abused its discretion in issuing the injunction. *Cross Wood Products, Inc. v. Suter* (1981), 97 Ill. App. 3d 282, 285, 422 N.E.2d 953.

■■ ■ In the instant case, Johnson & Johnson argues that the plaintiffs have failed to demonstrate an irreparable injury to a protectable right. The class of plaintiffs alleged by the amended complaint includes only those persons who "either surrender[ed] their Tylenol products *** or disposed of the product ***." The class as alleged thus does not include those persons who still possess suspect Tylenol. The injunction, however, concerns announcements and advertising designed to inform persons who still possess Tylenol of certain exchange programs. The injunction thus does not protect any rights of the class of potential plaintiffs, but only those of nonparties, namely, persons not included in such class. "Merely because the [plain-

tiff] has standing to sue does not mean that recovery or injunctive relief can be based on actual or potential injury to *** a nonparty to the suit." (*American Dairy Queen Corp. v. Brown-Port Co.* (7th Cir. 1980), 621 F.2d 255, 258.) This rule has been applied consistently by the appellate court of this State in the context of preliminary injunctions. (See, *e.g., Board of Education v. Eckmann* (1982), 103 Ill. App. 3d 1127, 432 N.E.2d 298; *Hayna v. Arby's, Inc.* (1981), 99 Ill. App. 3d 700, 425 N.E.2d 1174; *Brooks v. Midas-International Corp.* (1977), 47 Ill. App. 3d 266, 361 N.E.2d 815; compare *U-Haul Co. v. Hindahl* (1980), 90 Ill. App. 3d 572, 413 N.E.2d 187 (threat to legitimate business interests held sufficient injury).) As this court noted in *Hayna*, "the problem inherent in consumer actions is the inability to allege facts which would indicate that plaintiff is 'likely to be damaged.' Ordinarily, the harm has already occurred, thereby precluding injunctive relief." (*Hayna v. Arby's, Inc.* (1981), 99 Ill. App. 3d 700, 715, 425 N.E.2d 1174.) This rationale applies in the instant case: the named plaintiffs have already disposed of their Tylenol and therefore any announcement or advertisement directed to persons retaining Tylenol cannot damage the named plaintiffs nor the class which they represent in that they have already sustained their injury. In the absence of an allegation that the injury is likely to recur, plaintiffs have not demonstrated a threat of irreparable injury and the trial court therefore erred in granting the injunction. Accordingly, that portion of the order which granted the preliminary injunction is reversed.

Order reversed in part.

WILSON, P.J., and LORENZ, J., concur.