MICHAEL LETT, Plaintiff-Appellant, v. PAUL KLINCAR, Chairman of the Illinois Prisoner Review Board, *et al.*, Defendants-Appellees.

Fifth District No. 5—85—0803

Opinion filed December 17, 1986.

Michael Lett, of Menard, for appellants, *pro se.*

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Mark L. Rotert and Judith H. Schlessinger, Assistant Attorneys General, of counsel), for appellees.

JUSTICE WELCH delivered the opinion of the court:

Plaintiff, Michael Lett, appeals from the denial of his "complaint for declaratory judgment, injunction, and other appropriate relief."

Plaintiff, who claimed to represent a class of persons, alleged he is serving a sentence of not less than 100 years' nor more than 200 years' imprisonment in the Menard Correctional Center after conviction of murder in Christian County. At the time of the alleged offense (April 19, 1976), section 3—3—5(f) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1975, ch. 38, par. 1003—3—5(f)) provided:

> "The [Parole and Pardon] Board shall render its decision within a reasonable time after hearing, and shall state the basis therefor both in the records of the Board and in written notice

to the person on whose application it has acted. In its decision, the Board shall set the person's time for release, or if it denies parole it shall provide for a hearing not more than 12 months from the date of denial."

Plaintiff further alleged that at his first parole hearing, conducted in 1984, the Board denied parole and continued the hearing for three years. At the time of the parole hearing, section 3—3—5(f) of the Code (Ill. Rev. Stat. 1983, ch. 38, par. 1003—3—5(f)) provided that the Prisoner Review Board, which replaced the Parole and Pardon Board, could set a prisoner's parole hearings three years apart rather than one year apart, as previously provided by statute. Defendants are members of the Board. Plaintiff alleged the amendment to section 3—3—5(f) of the Code violates due process and equal protection of the law and constitutes an *ex post facto* law.

The Attorney General of Illinois, on behalf of respondents, moved to dismiss the complaint on the basis that the complaint did not state a cause of action, arguing a change in punishment was not unconstitutional if the change did not inflict greater or additional punishment. After plaintiff filed his written response to respondents' motion, the circuit court dismissed plaintiff's complaint.

■ As the complaint was dismissed for failure to state a cause of action and the cause is before this court on the pleadings, all facts well-pleaded are accepted as true. (*Huebner v. Hunter Packing Co.* (1978), 59 Ill. App. 3d 563, 565, 375 N.E.2d 873, 875.) A reviewing court should interpret the facts alleged in the complaint in the light most favorable to the plaintiff, and the complaint should not be dismissed unless the pleadings disclose that no set of facts could be proved that would entitle the plaintiff to relief. *Hayna v. Arby's, Inc.* (1981), 99 Ill. App. 3d 700, 709-10, 425 N.E.2d 1174, 1182.

■■ In order to maintain a class action, the court must find the following prerequisites: (1) the class is so numerous that joinder of all members would be impracticable; (2) there are questions of fact or law common to the class which predominate over any questions affecting only individual members; (3) the representative party will fairly and adequately protect the interests of the class; and (4) a class action is an appropriate method for the fair and efficient adjudication of the controversy. (*Hayna v. Arby's, Inc.* (1981), 99 Ill. App. 3d 700, 710, 425 N.E.2d 1174, 1182; Ill. Rev. Stat. 1985, ch. 110, par. 2—801.) In the case at bar, plaintiff did not attempt to determine the number of class members, although the number of potential members should be ascertainable as they are incarcerated by the Illinois Department of Corrections. Plaintiff did not attempt to meet the other three prereq-

uisites for maintaining a class action. Therefore, the court properly dismissed the class action portions of plaintiff's complaint. However, this court believes that the court should have allowed plaintiff to proceed individually on the *ex post facto* contention of the complaint.

■ The *ex post facto* prohibition of the United States Constitution (U.S. Const., art. I, sec. 9) forbids the Congress and the States to enact any law " 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.' " (*Weaver v. Graham* (1981), 450 U.S. 24, 28, 67 L. Ed. 2d 17, 22, 101 S. Ct. 960, 964.) Two critical elements must be present for a criminal or penal law to be *ex post facto*: It must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it. Both elements exist here. A law need not impair a "vested right" to violate the *ex post facto* prohibition. (450 U.S. 24, 29, 67 L. Ed. 2d 17, 23, 101 S. Ct. 960, 964.) A prisoner's eligibility for reduced imprisonment is a significant factor entering into both the defendant's decision to plead guilty and the judge's calculation of the sentence imposed. (450 U.S. 24, 32, 67 L. Ed. 2d 17, 25, 101 S. Ct. 960, 966.) At the time of the offense for which Lett was convicted, he was entitled, during the time he was incarcerated by the Department of Corrections, to an annual parole hearing after serving 20 years less time credited for good behavior. (Ill. Rev. Stat. 1975, ch. 38, par. 1003—3—3(a).) The retroactive elimination of the opportunity for an annual parole hearing disadvantages plaintiff. (*Rodriguez v. United States Parole Com.* (7th Cir. 1979), 594 F.2d 170, 175.) Previously plaintiff could show the Board annually why it should shorten his sentence. Now he may do so only once every three years.

In *United States ex rel. Graham v. United States Parole Com.* (5th Cir. 1980), 629 F.2d 1040, petitioner was convicted of bank robbery and assault and sentenced to 15 years in prison. The amended parole regulation which became effective after Graham's conviction stated that after an interim parole hearing, "a presumptive release date or the date of a four-year reconsideration hearing shall not be advanced except under clearly exceptional circumstances." Under the regulations in effect at the time Graham was sentenced, he was to be considered for parole every three years, and the Parole Commission was free to act even in the absence of "clearly exceptional circumstances." Finding the "clearly exceptional circumstances" test of the amended parole regulations circumscribed the Commission's ability to advance a presumptive release date, the court of appeals remanded the cause to the trial court to determine whether Graham's eligibility

for parole was substantially diminished or eliminated by the "clearly exceptional circumstances" standard.

■ In the case at bar, there is no question that section 3—3—5(f) of the Code in its current form diminished plaintiff's opportunity for parole and worked to his detriment. We render no opinion as to whether plaintiff should be paroled, and we do not express an opinion as to whether plaintiff can prove the allegations of his complaint. As noted above, we find plaintiff has stated a cause of action applicable to himself only. Accordingly, we affirm the trial court's dismissal of the class action allegations.

For the foregoing reasons, this cause is remanded to the circuit court of Randolph County for further proceedings.

Affirmed in part; reversed in part and remanded with directions.

KARNS, P.J., and JONES, J., concur.